(No. 33020.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALEX ALBEA, Plaintiff in Error.

*Opinion filed March 17, 1954.*

HOWARD T. SAVAGE, of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and ROBERT COONEY, all of Chicago, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

Plaintiff in error, Alex Albea, was indicted in the criminal court of Cook County in an indictment containing two counts. Count 1 charged him with the unlawful sale of narcotics to Ora Lee Vaughn and count 2 charged him with the unlawful dispensation of narcotics to Ora Lee Vaughn. In apt time, prior to a hearing on the merits, Alex Albea filed a motion to suppress evidence on the ground that the same was obtained as the result of an unlawful search and seizure in violation of his constitutional guarantees as provided in the fourth amendment to the constitution of the United States of America and in section 6 of article II of the constitution of the State of Illinois. The petition specifically sought to sup-

press evidence which consisted of three capsules of heroin and also the evidence obtained from Ora Lee Vaughn who was discovered and arrested as the result of a search without a warrant. On January 15, 1953, the trial court entered an order sustaining the petition. Subsequently the cause was tried before the court without a jury, and on February 20, 1953, the court adjudged Alex Albea guilty of unlawful sale of narcotic drugs and sentenced him to the penitentiary for a term of not less than two years and not more than three years. Plaintiff in error prosecutes this writ of error for a review of the judgment of conviction.

On the trial the judge limited the proof to only those events which occurred prior to the time the police officers gained admission into plaintiff in error's residence. The evidence in chief introduced by the People consisted of the testimony of three witnesses, namely, Ora Lee Vaughn and two of the three police officers of the city of Chicago who were present at the time of the arrest.

The testimony elicited from Ora Lee Vaughn, over objection of plantiff in error, was that prior to her arrest on September 19, 1952, she had been a narcotic addict for two or three years. During that time she had used about two or three hundred capsules of heroin and just prior to her arrest she was using four to six and sometimes eight per day. She was then twenty-two years of age and was presently in police custody. She testified that she saw the defendant every day for three or four months prior to September 19, 1952. On September 19, 1952, she went to plaintiff in error's apartment at about 12:00 noon. She told him she wanted "ten things" which meant ten capsules of heroin in layman's language. Plaintiff in error said the stuff he had was not "dynamite" but if she could loan him some money he could make a connection where he could get better stuff. Ora Lee Vaughn testified she only had enough money with her for the purchase

she wanted to make. She paid him $12.50 and plaintiff in error started to hand her the capsules which she said, based upon her previous experience as a drug addict, were capsules of heroin. He had handed her three of them when there came a knock on the door and a voice said "Western Union." At this point the court refused to permit her to continue on the theory that anything which happened after the officers entered the apartment was inadmissible since that evidence had been suppressed.

On cross-examination she said the capsules were red; that she did not remove their contents and did not inject any of the contents into her veins; that she was arrested that day and was presently under arrest but did not know the charges against her. On redirect examination she testified that nine out of ten times that she visited plaintiff in error's apartment she had used certain hypodermic needles which were kept on the kitchen table. She also stated that plaintiff in error put seven capsules in his mouth.

Two officers called on behalf of the People testified merely that they were present on the day in question and arrested Ora Lee Vaughn and plaintiff in error. One of them also testified that at the detective bureau plaintiff in error seemed to be nauseated and was making faces and when asked what was the matter, stated that he had swallowed seven capsules of heroin.

It is clearly apparent that the State's case must stand or fall on the testimony of Ora Lee Vaughn. Her competency as a witness, therefore, is the first issue for this court to determine. Plaintiff in error contends, among other things, that since this witness was discovered as the result of an illegal search, she should not have been permitted to testify. He cites but one authority in support of that contention, the case of *People* v. *Martin*, 382 Ill. 192. In that case the trial court sustained a motion to suppress papers, records and documents unlawfully seized,

but permitted witnesses to testify whose names were discovered from the suppressed evidence. This court, analyzing the situation there presented, which was apparently without precedent in Illinois, concluded that the witnesses so discovered should not have been allowed to testify, on the ground that it would impair the constitutional safeguard to be secure against unreasonable search and seizure to permit the illegal action of officers of the law to redound to their advantage.

The question presented here, whether or not a witness discovered as the result of an illegal search may be permitted to testify, also seems to be one of first impression in this State. Independent search by this court has disclosed no authorities covering the identical situation, and the People have cited no cases by way of contradiction. The argument advanced by the People is superficial, namely, that the name of the witness was not discovered through the seizure of any record kept on the premises of plaintiff in error; that the matters and things to which she testified were antecedent to the coming of the police and that the defendant cannot claim privilege which may rest solely in a third person. The question presented here, however, is much too profound to be brushed aside so abruptly. It is our duty to preserve unto the people the guarantees proclaimed in the State and Federal constitutions against unreasonable search and seizure.

In the case of *People* v. *Schmoll*, 383 Ill. 280, plaintiff in error assigned as his principal contention of error the failure of the trial court to sustain his motion to suppress evidence. He had given the arresting officers his consent to go to his office to obtain the records of a certain individual, and the officers took records other than the one authorized. Plaintiff in error was then charged with committing the crime of abortion upon a woman whose name was found in the records. This court held that upon the basis of the rule laid down in the *Martin case*, the seizure

of records other than the one for which consent had been given was illegal, and the motion to suppress should have been sustained.

When the principle established in the two cases cited above is expanded beyond the narrow confines of the fact situations therein presented, a similar conclusion in the instant case is almost inescapable. One could well say of the *Martin* and the *Schmoll cases* that but for the illegal search the names of the prosecuting witnesses would not have been obtained, and in this case but for the illegal search the witness, Ora Lee Vaughn, would not have been discovered. There appears to be an instance, however, when such evidence may be used, and that is when it is disclosed from an independent source or from an independent investigation. As was stated on page 200 in the *Martin case,* after a review of numerous decisions, "The principle seems clear that evidence obtained independently of the illegal search may be used against the defendants," and again on page 202 this court said, "It is only necessary for us to determine whether it has been shown the testimony of the witnesses was received from independent sources, and upon that question we find there is nothing in the record to substantiate the claims of the prosecution, but upon the other hand it is almost conclusive that the information to be given by all of the material witnesses in the case was obtained from the matters illegally seized, and this being our conclusion, the evidence should have been suppressed and excluded." This proposition has likewise been cited with approval in the case of *People* v. *Castree,* 311 Ill. 392. The record in the instant case indicates that the witness Ora Lee Vaughn was arrested on September 19, 1952, and was still in police custody on the date of the hearing, January 16, 1953. It is obvious that she was not discovered independently of the illegal search. The fact that her name was not discovered through the seizure of any record kept by plaintiff in error or that the

things she testified to were antecedent to the arrival of the police does not establish her competency as a witness. She was found as a consequence of the search and this fact adversely affects the competency of all her testimony.

It is true that the majority of the decisions in the State of Illinois involving illegal search and seizure concern themselves with the suppression of evidence in the form of papers, documents, records or other property. None has been brought to our attention involving the discovery and seizure of a human being who is later used as a material witness in a prosecution. However, we cannot be unmindful of the principles established by long precedent which have sought to preserve the sanctity of the home and the right of privacy of the individual merely because the evidence has changed from inanimate to animate form. It has been held that an illegal search cannot later be justified by the discovery of contraband property. (*People* v. *Scaramuzzo,* 352 Ill. 248; *People* v. *Poncher,* 358 Ill. 73; *People* v. *Dalpe,* 371 Ill. 607.) We see no reason for a different rule in this case when the ends of justice sought to be maintained are the same.

This State has steadfastly adhered to the theory of inadmissibility of evidence obtained by illegal search, and we are supported in that view by the Supreme Courts of several States, the Federal courts and the United States Supreme Court. (88 ALR 348, and *People* v. *Castree,* 311 Ill. 392, and cases therein cited.) As dastardly and reprehensible as the crime of selling narcotics may be, it is more commensurate with our past thinking that one individual so engaged should receive his liberty than to expose the people to unrestrained, oppressive search by governmental officials.

It should be noted that on the hearing on the motion to suppress, the officers testified that they received a telephone call advising them narcotics were being sold in an apartment at a certain address. The facts in this case,

therefore, bear a marked similarity to those in a recent decision of this court of *People* v. *Tillman*, 1 Ill. 2d 525, in which the majority of this court held that the arrest therein was lawful and the subsequent search did not violate any constitutional rights of the defendant. The opinion hereinabove set forth, however, is based upon the premise that the initial arrest and search was unlawful because no issue is made on appeal of the ruling of the trial court. We have not now been called upon to determine the legality of the arrest of plaintiff in error, but have merely decided that, the trial court having ruled the search to be unlawful, it therefore follows that all evidence discovered in connection therewith should have been suppressed, including the testimony of Ora Lee Vaughn. For the reasons stated in this opinion, it is unnecessary to discuss the other errors relied upon by plaintiff in error. The judgment of the criminal court of Cook County is reversed.

*Judgment reversed.*