Connie George **HOLMES** and **Joe Bedami,** Appellants,

v.

**UNITED STATES of America,** Appellee.

No. 7947.

United States Court of Appeals Fourth Circuit.

Argued Oct. 8, 1959.

Decided Oct. 22, 1959.

William A. Horger, Asst. U. S. Atty., Columbia, S. C. (N. Welch Morrisette, Jr., U. S. Atty., Columbia, S. C., on brief), for appellee.

Irvine F. Belser, Jr., and Claud N. Sapp, Columbia, S. C., for appellants.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and FIELD, District Judge.

PER CURIAM.

We have for decision a question of the application of the Jencks Act.[1]

The defendants were indicted upon seven counts, each of which charged the interstate transportation of a particular motor vehicle known to have been stolen by the defendants, and upon an eighth count charging a conspiracy to accomplish the interstate transportation of stolen vehicles. At the trial, one of the principal witnesses for the Government was an FBI agent who testified at length about his investigation and about con-

1. 18 U.S.C.A. § 3500.

versations he had with the defendants. The defense demanded the production of the memoranda and reports prepared by the agent during his investigation and recording its result. The file was tendered to the District Judge that he might excise those portions which were irrelevant and of no potential value to the defense in the cross examination of the agent.[2] The District Judge declined to read the reports. Instead, the FBI agents, themselves, extracted certain portions of the reports, which they, through the District Attorney, delivered to defense counsel as being those portions of the reports which the agents believed relevant to the cross examination of the agent-witness. It is possible that prosecution counsel, to some extent, participated in and supervised the process of selection of the material to be delivered to the defense counsel, but it is clear that the judgment of the agents and prosecution counsel was not reviewed by the District Court. The District Judge, in effect, ordered the prosecution to produce and deliver to defense counsel all material the production of which the statute required, but he declined to review the material himself to determine whether the selectivity with which the delivered material was excised complied with the statute and the ruling of the Court.

Apparently the file was of substantial proportions and the task of going through it to determine which portion should be delivered to cross examining counsel and which portion should be withheld may have seemed onerous. It is a duty plainly imposed upon the Court by the statute, which unmistakably requires that the Court inspect *in camera* a statement which the prosecution contends contains unrelated matter and that the Court, itself, excise the unrelated matter.[3]

■ The legislative history of the Jencks Act is well-known. The congressional concern that the rule of Jencks v. United States [4] would permit defense counsel to rummage freely through FBI files led to the adoption of a middle ground, which the Congress felt would protect the interest of the defendant and would also afford protection to the secrecy of unrelated matter in the files of the Federal Bureau of Investigation. It made the District Judge the arbiter and imposed upon him the affirmative duty of separating related from unrelated matter. The only alternative is to permit defense counsel to rummage freely through the files of the FBI, for surely no one would contend the substantial right of the defendant to the production of material may be conclusively measured

---

2. The prosecution claimed that the files contained irrelevant matter which should not be disclosed and which it was not required to produce.

3. § 3500(c) "If the United States claims that any statement ordered to be produced under this section contains matter which does not relate to the subject matter of the testimony of the witness, the court shall order the United States to deliver such statement for the inspection of the court in camera. Upon such delivery the court shall excise the portions of such statement which do not relate to the subject matter of the testimony of the witness. With such material excised, the court shall then direct delivery of such statement to the defendant for his use. If, pursuant to such procedure, any portion of such statement is withheld

from the defendant and the defendant objects to such withholding, and the trial is continued to an adjudication of the guilt of the defendant, the entire text of such statement shall be preserved by the United States and, in the event the defendant appeals, shall be made available to the appellate court for the purpose of determining the correctness of the ruling of the trial judge. Whenever any statement is delivered to a defendant pursuant to this section, the court in its discretion, upon application of said defendant, may recess proceedings in the trial for such time as it may determine to be reasonably required for the examination of such statement by said defendant and his preparation for its use in the trial."

4. 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103.

and determined by prosecution counsel and prosecution witnesses.

■ The Government now contends, however, that the Jencks Act does not apply to statements prepared by a government agent who becomes a witness at the trial. In the Jencks case, itself, the defendant sought the production of FBI reports in order to obtain material with which to cross examine an FBI informer, and clearly that was the situation which Congress had principally in mind when it enacted the Jencks Act. The written report of the agent, however, is just as much a verbatim statement of the agent, who prepares it, as a written statement of an informer, incorporated in the report, is the statement of the informer. It is a statement within the literal and evident meaning of subsection (e) of the Act.[5] Its use to contradict the agent who prepared it in no way contravenes the policy of the Act against the use of an investigator's notes or summaries of information to contradict his informer. In Palermo v. United States,[6] it was held that an agent's summary of information obtained from his informer was not a "statement" within the meaning of subsection (e) of the Act when its use was sought for purposes of cross examining the informer, but nothing in that opinion suggests the same summary would not be a "statement" within the meaning of subsection (e) of the Act when its use is sought to cross examine the agent who prepared it, the question being what information the agent actually obtained during the course of his investigation.

The primary purpose of the Act, to confine fishing expeditions through the files of the FBI within reasonable bounds, is applicable here just as it is when reports are sought for purposes of cross examination of an informer. The rule of the Jencks case would require that all of these files be delivered to defense counsel, so that defense counsel could determine what portions he wished to use in cross examination. The secrecy of confidential unrelated material in the file can be protected by applying the procedures of the Act, and we think the congressional purpose requires their application here. Certainly, however, we can find nothing in the Jencks Act which suggests that defense counsel are entitled to no statement of the witness, simply because he happens to be an agent of the FBI. The only question is whether defense counsel is entitled to all the files or, under the Act, so much thereof as shall not have been excised by the District Judge.

■ Nor can we say the failure to deliver to defense counsel all of the files, or such statements of the witness as related to the subject matter of his testimony after unrelated portions had been excised by the District Judge, was harmless error. In Rosenberg v. United States[7] a failure to deliver certain documents was held to be harmless error, but there it appeared affirmatively that the defense had in its possession the original of one of the unproduced documents and the witness had affirmatively testified on the stand to the content of the other unproduced documents containing related matter. Here it is not contended that the defense had the information contained

5. "(e) The term 'statement,' as used in subsections (b), (c), and (d) of this section in relation to any witness called by the United States, means—

"(1) a written statement made by said witness and signed or otherwise adopted or approved by him; or

"(2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness to an agent of the Government and recorded contemporaneously with the making of such oral statement." 18 U.S.C.A. § 3500(e).

6. 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287.

7. 360 U.S. 367, 79 S.Ct. 1231, 3 L.Ed.2d 1304.

in the portion of the file which was not produced. It cannot be said all of the relevant and related material was delivered to defense counsel, for the District Court never examined it to determine what was withheld.

Our conclusion requires that the sentences be vacated and the cases remanded for a new trial.

It becomes unnecessary to consider the contention that the District Judge inadvertently permitted himself to abandon judicial impartiality and to assume the role of the advocate.

■■ A federal trial judge may examine and cross examine witnesses whenever he thinks it necessary to bring essential facts to light.[8] In his charge to the jury, he may array the evidence and comment upon it.[9] In the performance of these duties, however, he must exercise restraint and be careful that he is impartial in appearance as well as in fact.[10] When a judge cross examines a defendant and his witnesses extensively and vigorously, he may present to others an appearance of partisanship and, in the minds of jurors, so identify his high office with the prosecution as to impair the impartiality with which the jury should approach its deliberations.[11]

No one questions these general principles. If once the experienced District Judge may have appeared inadvertent to them, we do not doubt that it was an inadvertence which will not be repeated upon the retrial of the case.

Reversed and remanded.

8. Gomila v. United States, 5 Cir., 146 F.2d 372.

9. Virginian Ry. Co. v. Armentrout, 4 Cir., 166 F.2d 400, 4 A.L.R.2d 1064.

10. Graham v. United States, 4 Cir., 12 F. 2d 717; United States v. Brandt, 2 Cir., 196 F.2d 653; Fogarty v. United States, 5 Cir., 263 F.2d 201; Egan v. United States, 52 App.D.C. 384, 287 F. 958.

11. Hunter v. United States, 5 Cir., 62 F.2d 217; Blunt v. United States, 100 U.S.App. D.C. 266, 244 F.2d 355; Adler v. United States, 5 Cir., 182 F. 464; Blumberg v. United States, 5 Cir., 222 F.2d 496; United States v. Scott, 7 Cir., 257 F.2d 374; Williams v. United States, 9 Cir., 93 F.2d 685.