(No. 41828.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ADEE B. SYLVESTER, Appellant.

*Opinion filed November 26, 1969.*

STARKE, ANGLIN, WERTZ & MAY, of Chicago, (WILLIAM C. STARKE, of Council,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and MICHAEL D. STEVENSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant, Adee Sylvester, was convicted in a Cook County bench trial of the crime of possession of narcotics (marijuana). Direct appeal to this court lies because of the presence of constitutional questions allegedly involving search and seizure. The sole issue is the validity of the seizure of the narcotics.

The relevant evidence on the motion to suppress can be summarized as follows: Detective William Tolliver testified that on the morning of September 23, 1967, he had a conversation with Mrs. Charlotte Randall at her home at 6447 South Drexel in Chicago. Detective Edwin Bishop was present at this conversation. Mrs. Randall told them that her home had been burglarized two days earlier and stated that defendant was a friend of hers and that she believed he had committed the burglary.

Mrs. Randall testified that her home was burglarized on September 21 and that a mink jacket and television set were taken. She stated that she talked to Detective Tolliver on September 23 and told him of the burglary and that she believed Adee Sylvester had committed it.

Detective Tolliver subsequently attempted to locate the defendant and consulted with an unidentified male person who directed him to 100 East 63rd Street. About 4:00 P.M. on September 23, officers Tolliver and Bishop approached 1100 East 63rd Street in an unmarked police car. They saw defendant standing on the corner and pulled to the curb near him. The officers noticed that defendant was carrying a brown paper bag about 18 inches high. Officer Bishop was nearest the curb and he called the defendant over to the car. Defendant walked toward the auto, still in possession of the bag, and leaned down to inquire what was wanted of him. Officer Bishop testified he then "told him he was under arrest and to get in the back of the squad car." Defendant then straightened up and got into the back seat of the vehicle. At the same time Officer Tolliver got out of the car to make certain that defendant entered. After defendant was in the

car, Officer Tolliver re-entered the car, and noticed that defendant no longer had possession of the bag although neither officer observed the defendant part with the bag. Officer Bishop got out of the car and retrieved the bag from a position on the curb inches from the car "directly in line with the center post of the car." The defendant stipulated that a police chemist would testify that the bag contained marijuana. A motion to suppress the evidence on the ground that there was no probable cause to arrest the defendant was denied and a bench trial was thereafter held at which defendant was found guilty and sentenced to a term of four to six years imprisonment.

Defendant's position is that the seizure was incident to an arrest for which no probable cause existed. Therefore, he argues, the evidence should have been suppressed because the seizure violated his rights under the fourth and fourteenth amendments to the constitution of the United States and section 6 of article II of the constitution of Illinois.

The State urges that the police had ample probable cause to arrest defendant, that no search was made, and that the evidence was abandoned at the time it was seized by Officer Bishop.

In our judgment determination of the validity of the arrest is irrelevant as are the arguments relating to the reasonableness of a search, for in this case no "search" ever occurred. As we have often stated: "A search implies a prying into hidden places for that which is concealed, and it is not a search to observe that which is open to view." (*People v. Davis,* 33 Ill.2d 134, 138, and cases there cited; *People v. McCracken,* 30 Ill.2d 425, 429; see, also, *People v. Cummings,* 38 Ill.2d 11, 13; *People v. Hanna,* 42 Ill.2d 323; *People v. Jackson,* 98 Ill. App. 2d 238.) No such conduct occurred here. The bag was sitting in plain and open view on the sidewalk curb where it had been abandoned by defendant, and its seizure by the officers under these circumstances in no way violated any constitutional rights of de-

fendant. *People* v. *Martinez,* 257 Cal. App. 2d 270, 64 Cal. Rptr. 666; *United States* v. *Clark* (W.D. Pa.), 294 Fed. Supp. 1108.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*