THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SALVATORE BASILE, Defendant-Appellant.

(No. 11844;

Fourth District—July 25, 1974.

*Rehearing denied August 21, 1974.*

CRAVEN, J., specially concurring.

James Walker, of Bloomington, for appellant.

Paul R. Welch, State's Attorney, of Bloomington (Michael J. Flynn, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant was charged with conspiracy, armed violence and burglary. A jury found him not guilty of armed violence and guilty of conspiracy and burglary. Sentence of 2 to 6 years was imposed upon the order of conviction for burglary only.

On appeal defendant urges that he was denied a fair trial as a result of prejudicial comments in the prosecutor's closing argument, that his motion to suppress certain evidence was improperly denied, and that it was error to deny his motions for discovery of police reports.

The prosecution was upon charges of the burglary of the Kohler residence in McLean County on the evening of January 9, 1971. On that evening and at approximately the time of the burglary, the defendant, who resided in Steger, Illinois, a southern suburb of Chicago, was observed in Bloomington in the presence of his co-conspirators and accomplices at the Howard Johnson Motel, approximately one-half mile from the Kohler home. The State's principal witness was Richard Stiles, an accomplice, the admission of whose testimony resulted from an allegedly erroneous ruling on defendant's motion to suppress.

Stiles testified that on January 7, 1971, two days prior to the burglary, he was residing with the defendant and Danielle Becker, at defendant's resident in Steger. Stiles related his discussion of the burglary plans with the defendant, and he testified that he had rented a car in which he and the defendant traveled to Bloomington where they stayed on the night preceding the burglary.

When the defendant and Stiles entered the Kohler home, law-enforcement officers who had been alerted to the possibility of the burglary were concealed in the house waiting for them. The burglars were confronted and ordered to "Freeze," whereupon a brief gun battle occurred during which Stiles was shot in the hand. Both defendant and Stiles escaped however, and fled to the residence of David Swafford, another accomplice, who that night, with his wife Carol, drove defendant and Stiles to defendant's residence in Steger.

The following day, January 10, 1971, Swafford gave a statement to the police indicating that he and his wife, Carol, had driven Stiles to the Chicago area. On January 11, 1971, a warrant for Stiles' arrest was issued from the McLean County Circuit Court, and both Swaffords accompanied law-enforcement officers to Steger, and indicated defendant's residence as the place to which Stiles had been brought on the night of the burglary. On the night of January 11, 1971, the police, with an arrest

warrant for Stiles, entered into defendant's residence looking for Stiles, and in the process searched the premises and found various physical evidence, including a face mask, ammunition and a pistol with obliterated serial numbers. Stiles was not found in this search. After the search, while the police were leaving, defendant was observed walking toward his home in the company of Danielle Becker. The police returned to defendant's home and arrested him for aiding and abetting a fugitive. Shortly thereafter, Becker gave a statement to the police that ultimately led to the arrest of Stiles early on the morning of January 12, 1971, at the nearby suburb of Chicago Heights, Illinois.

In argument, the prosecutor made the following complained-of comments:

> "It is unrebutted [*sic*] *and unrefutted* [*sic*] in this case that Salvatore Basile was in the Howard Johnson Motel approximately a half hour after this shoot-out * * *."

In closing argument, he said:

> "It is unrefuted in this case that the two of them [Stiles and defendant] were residing at the Butler Street address in Steger. They came down here, did this act and left. They did it with three other people in this community, Stufflebeam, Swafford and Patrick. Mr. Walker [defendant's attorney] knows why those people aren't here, the other people that participated in that incident.
>
> He told you during the course of this case he thought you would be interested to hear from them. I'd be interested in hearing from them too. None of us can hear from them at this point."

Such argument was not objected to when originally made in the trial court.

A motion and supplemental motion to suppress evidence were filed, and hearings were had on such motions. The motions seek to suppress among other things the testimony of Stiles and Becker, and physical evidence obtained in search of both defendant's residence and the location in Chicago Heights where Stiles was arrested. The motions were denied except as to physical evidence seized during the search of defendant's home. No physical evidence was introduced, and the only evidence introduced against defendant that was the subject of his motion to suppress was the testimony of Stiles. Thus, we need consider alleged error in the trial court's ruling on defendant's motion to suppress only insofar as it relates to Stiles' testimony.

During the course of these criminal proceedings, defense counsel was allowed to withdraw and different counsel was obtained. Defendant's original counsel filed a discovery motion requesting, among other things, "all police reports pertinent to this case, whether taken in this or another

county of the State." The motion insofar as applicable to police reports was denied, but granted as to "any statements, oral or written, made by any witness for the State that may have been reduced to writing." After original counsel had withdrawn, the new Illinois Supreme Court discovery rule (50 Ill.2d R.412) became effective, and subsequently, another motion for discovery was filed again requesting "all police reports made in connection with the investigation and arrest of suspects in connection with the offense." As the second motion requested substantially the same information requested in the first motion, the hearing on the second motion was limited to those materials that counsel thought should be allowed, in addition to those things previously allowed and not ruled on in the hearing on the first motion. The second request for the police reports was not specifically brought to the attention of the trial court in the hearing on the second motion. The trial court ordered the State to give defendant all memoranda which substantially set forth oral statements of the witnesses. Although the trial court did not specifically rule upon the discoverability of the police report at the hearing on the second discovery motion, defendant did specifically request such reports in writing, and the subsequent hearing was limited to those matters not previously ruled upon; thus, for purposes of this appeal only, we deem the action of the trial court to be a refusal of defendant's request for discovery of police reports except insofar as they might contain substantially verbatim statements of witnesses. No motion for an *in camera* examination of police reports was presented.

■■ Defendant's assertion of prejudicial error resulting from the prosecutor's closing is without merit. The prosecution may comment on the fact that the testimony of the State's witnesses is uncontradicted, even though the defendant would be the only person who could have contradicted it. (*People v. Hopkins*, 52 Ill.2d 1, 6, 284 N.E.2d 283.) Further, the prosecution's remarks were not so prejudicial that defendant did not receive a fair trial, nor were they so flagrant as to threaten the deterioration of the judicial process. (*People v. Smothers*, 55 Ill.2d 172, 176, 302 N.E.2d 324.) Under such circumstances, where no objection is made by defendant at trial to any portions of the argument of which he complains on appeal, the error, if any, is waived. *People v. Edwards*, 55 Ill.2d 25, 35, 302 N.E.2d 306.

■■ Defendant's contention that Stiles' testimony should have been suppressed proceeds in two directions. First, it is urged that the warrant for Stiles' arrest was invalid, and hence, as Stiles' resulting arrest and "seizure" were invalid, his testimony must be suppressed. We need not consider the attack upon Stiles' arrest warrant because defendant does not have standing to assert its invalidity. (*Wong Sun v. United States*,

371 U.S. 471, 492, 83 S.Ct. 407, 9 L.Ed.2d 441.) In *People v. McNeil*, 53 Ill.2d 187, 191, 290 N.E.2d 602, the Illinois Supreme Court stated that "the defendant must show how his constitutional rights have been violated in order to have standing to challenge the validity of a search or seizure." Defendant has not shown any violation of his constitutional rights that might result from a defective warrant for the arrest of Richard Stiles, and we thus do not consider any alleged error on that basis in the failure to suppress Stiles' testimony.

■■ In the alternative, defendant argues that Stiles' testimony should have been suppressed because Stiles was "discovered" as a result of information obtained from Danielle Becker, who was herself "discovered" as a result of the allegedly illegal search of defendant's residence when the police attempted to arrest Stiles there on January 11, 1971. It is not necessary to consider whether the search of defendant's home was unreasonable, because it is clear that the discovery of Danielle Becker was not in any way the result or the fruit of that search. Becker was found after the police had left defendant's home and were already half a block away when they observed a car occupied by defendant and Becker approach defendant's home. Defendant and Miss Becker then proceeded to leave the vehicle and walk toward defendant's home. Under these circumstantances, no "search" resulting in the discovery of Miss Becker ever occurred. (*People v. Sylvester*, 43 Ill.2d 325, 327, 253 N.E.2d 429.) In *Sylvester*, it was said that:

> "'A search implies a prying into hidden places for that which is concealed, and it is not a search to observe that which is open to view.' [Citations.]"

Regardless, we could not say that defendant's reasonable expectation of privacy would extend to public streets and sidewalks upon which his companions might be walking. (*Katz v. United States*, 389 U.S. 347, 19 L.E.2d 576, 88 S.Ct. 507.) Likewise, the link connecting Stiles' testimony to the "seizure" of Miss Becker is insufficient to establish Stiles' testimony as the fruit of the poisonous tree. Defendant relies upon *People v. Martin*, 382 Ill. 192, 46 N.E.2d 997, and *People v. Albea*, 2 Ill.2d 317, 118 N.E.2d 277, for the proposition that where a witness is discovered as the result of information obtained from an illegal search and seizure, the testimony of the discovered witness must be suppressed. In both *Albea* and *Martin*, the existence of the evidence in question was brought to the attention of the police only as a result of other evidence illegally seized. Here, however, the existence of Stiles was known prior to the allegedly illegal "seizure" of Becker, and in fact it was pursuant to attempts to apprehend Stiles that Becker was found. It is clear that knowledge of Stiles' existence was the result of an independent investigation

and information furnished by Swafford, and that the alleged seizure of Becker did not result in the "discovery" of Stiles' existence, but merely of his location. Appellant has indicated no authority that the disclosure of the location as distinguished from the existence of evidence resulting from an illegal seizure of different evidence requires the suppression of the evidence whose location was disclosed. Thus, it is clear that even had the "seizure" of Becker been the result of a "search" which was illegal, Stiles' testimony was properly allowed because his existence was disclosed from an independent source. *People v. Rudolph*, 12 Ill.App.3d 420, 424, 299 N.E.2d 129.

Defendant asserts a denial of due process in the refusal to allow his pretrial motion for production of all police reports. The issue is argued but briefly and is stated:

> "There is no real distinction between the statement of a prosecution witness who is not a police officer and a report authorized [*sic*] by a police officer. The decisional law distinction is illogical * * * *."

The argument made here hardly comes into focus when considered in the language of the motion made. An initial motion in June, 1971, asked for production of all police reports. Such motion was denied, for at that date discovery was as provided under the authority of *People v. Moses*, 11 Ill.2d 84, 142 N.E.2d 1, *People v. Wolff*, 19 Ill.2d 318, 167 N.E.2d 197, *People v. Cole*, 30 Ill.2d 375, 196 N.E.2d 691, *People v. Johnson*, 31 Ill.2d 602, 203 N.E.2d 399, and *People v. Cagle*, 41 Ill.2d 528, 244 N.E.2d 200. These cases directed that statements or grand jury testimony be made available for use in impeachment when a witness had testified. The rule originated under the holding of *Jencks v. United States*, 353 U.S. 657, 1 L.Ed.2d 1103, 77 S.Ct. 1007.

In November, 1971, after the effective date of Supreme Court Rule 412, defendant filed a motion for discovery framed explicitly in terms of the rule, including, (1) the names of witnesses "whom plaintiff intends to call as witnesses at a hearing or trial"; (2) the relevant written and recorded statements of persons described in the preceding paragraph, and the transcript of grand jury testimony of defendant and persons "whom plaintiff intends to call as witnesses." The language of the motion at issue here appears to be:

> "14. all police reports made in connection with the investigation and arrests of suspects in connection with the offense (Rule 412 (h).)"

Rule 412(h), entitled "Discretionary disclosures," provides:

"Upon a showing of materiality to the preparation of the defense, and if the request is reasonable, the court in its discretion may require disclosure to defense counsel of relevant material and information not covered by this rule."

In the Committee Comments to this provision it is reiterated:

"[D]iscovery will only be allowed when defense counsel can show that what he seeks is material to the preparation of the defense."

Neither the record of the hearing upon the motion, nor any other part of the record discloses a showing of matter material to the preparation of defense as provided in Rule 412(h).

Since the court granted discovery as to statements of witnesses the prosecution intended to call at the trial, it appears that it is sought to put "police reports" into a separate category for purposes of pretrial discovery.

Prior to the adoption of Supreme Court Rule 412, it was held that police reports need not be disclosed unless for purposes of impeachment after the witness had testified. (*People v. Ostrand*, 35 Ill.2d 520, 221 N.E.2d 499; *People v. Savage*, 102 Ill.App.2d 477, 242 N.E.2d 446.) In *People v. Cagle*, 41 Ill.2d 528, 244 N.E.2d 200, a report made by a police officer of his own observations was produced, but the court's ruling prevented its use for impeachment. Likening the result to the suppression of evidence favorable to the accused as discussed in *Brady v. Maryland*, 373 U.S. 83, 10 L.Ed.2d 215, 83 S.Ct. 1194, the court found a violation of due process. In *Cagle*, the court said that it did not reach the issue which was argued, that restricting the use of police reports to impeachment purposes at the time of trial hindered preparation for trial, and thus violated due process. We may consider that issue in the light of Federal Rule of Criminal Procedure 16(b), which includes:

"Except as provided in subdivision (a) (2), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by government agents in connection with the investigation or prosecution of the case, or of statements made by government witnesses or prospective government witnesses (other than the defendant) to agents of the government except as provided in 8 U.S.C. § 3500." [1]

The cited Federal statute provides that no statement or report in possession of the prosecution shall be the subject of subpoena, discovery or

---

[1] The exception stated relates to reports of physical examinations and scientific tests or experiments.

inspection until said witness has testified on direct examination in the trial of the case.[2]

A report of a government agent is a witness statement within the meaning of such rule. (*Peek v. United States* (9th Cir. 1963), 321 F.2d 934, 5 A.L.R.3d 802; *Holmes v. United States* (4th Cir. 1959), 271 F.2d 635.) The rule for the production of police reports is the same as that for production of the statements of witnesses. *People v. Flowers,* 51 Ill.2d 25, 281 N.E.2d 299.

We conclude that the limitations of discovery to impeachment purposes does not violate due process, for the cited statute, sometimes called the Jencks Act, has been held to be constitutional. (*Palermo v. United States,* 360 U.S. 343, 3 L.Ed.2d 1287, 79 S.Ct. 1217, and *Scales v. United States,* 367 U.S. 203, 6 L.Ed.2d 782, 81 S.Ct. 1469.) In *Scales,* the court said that there can be no complaint that defendant has been denied opportunity to examine statements which do not relate to the subject matter of the witnesses' testimony.

In the context of the argument that "police reports" were statements of witnesses which, without more, should have been supplied upon defendant's motion under Supreme Court Rule 412, we note that the Committee Comments directed to the Rule (50 Ill.2d R. § 412(a)(i)) state:

> "*People v. Moses,* 11 Ill.2d 84, 142 N.E.2d 1 (1957), and decisions thereunder required the State to tender to defense counsel all such statements when the witness was tendered for cross-examination. Nothing herein changes the types of material that are to be provided; only the time of their disclosure is changed."

The rule concerned coincides with ABA Standards Relating to Discovery and Procedure Before Trial (§ 2.1), in providing that the prosecution shall disclose the names of witnesses with their relevant written or recorded statements, and grand jury minutes containing relevant testimony of persons whom the prosecution "intends to call as witnesses at the hearing or trial."

Supreme Court Rule 412 contains no specific reference to police reports distinguishing them from any other material to be produced under the Rule. The plain language, as well as the comment of explanation, disclose that the concept developed in the case law is retained, and that the pre-trial discovery provided is to permit effective cross-examina-

---

[2] 18 U.S.C. § 3500 "(a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."

tion and possible impeachment rather than to provide an inclusive general survey of prosecution files.

■■ There is, in fact, no issue of the use of "police reports" for purposes of impeachment either of police officers or any other witness in the trial of this case. No police officer testified for the prosecution upon either the facts of the burglary or the arrest of the defendant. The trial court did grant broad discovery, including the statements and substantially verbatim transcripts of oral statements of witnesses and directed the discovery of exculpatory evidence in the possession of the prosecution. We find no error in the denial of defendant's motion for discovery of "all police reports  *  *  *."

In *People v. Schmidt*, 56 Ill.2d 572, 309 N.E.2d 557, it was held that pre-trial discovery under Supreme Court Rule 412 was not available in misdemeanor cases. The discussion in that opinion supports the conclusion that the discovery of police reports under the Rule is for the purpose of aiding the effective cross-examinations or impeachment of witnesses, including policemen, who are to testify.

Section 8—5 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 8—5) provides that no person shall be convicted of both the inchoate offense, conspiracy, and the principal offense. Upon the authority of Supreme Court Rule 366, the judgment of guilt for conspiracy is vacated. *People v. Lilly* (1974), 56 Ill.2d 493, 309 N.E.2d 1.

The judgment of conviction for burglary is affirmed. The conviction of conspiracy is reversed and the judgment of the circuit court as to that offense is vacated.

Affirmed in part, reversed and vacated in part.

SMITH, P. J., concurs.

CRAVEN, J., specially concurs.

Mr. JUSTICE CRAVEN specially concurring:

I agree with the result reached in this case but I would characterize the failure of the trial court to grant discovery as error. A reversal is not required, only because it can be said that the error was, by the facts upon this record, harmless beyond a reasonable doubt. The police reports, the discovery of which were denied to the defendant, were reports of persons whose names were furnished upon the list of witnesses. Such reports were clearly and expressly within the language of our rules for discovery and were substantial verbatim reports of witnesses. I would affirm the decision of the trial court, noting the error on the discovery ruling.