UNITED STATES

v.

**Jeffrey C. KILMON, 216 66 4180, Lance Corporal (E–3), U. S. Marine Corps.**

**NCM 80 0210.**

U. S. Navy Court of Military Review.

Sentence Adjudged 23 July 1979.

Decided 31 Oct. 1980.

LCDR P. B. Haskel, JAGC, USN, Appellate Defense Counsel.

CAPT Craig L. Kemmerer, USMCR, Appellate Government Counsel.

Before CEDARBURG, C. J., and SANDERS and DONOVAN, JJ.

SANDERS, Judge:

Contrary to his pleas appellant was convicted by special court–martial of wrongfully possessing, selling and transferring 24 grams of marijuana on 24 January 1978; wrongfully possessing, selling and transferring 8.9 grams of marijuana on 1 February 1979; and, wrongfully possessing 2.1 grams of marijuana on 20 March, 1979; all in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. A sentence to confinement at hard labor for 3 months, forfeiture of $279.00 per month for 3 months, reduction to pay grade E–1 and a bad–conduct discharge was approved by the convening and supervisory authorities.

Appellant has assigned the following errors:

I

THE MILITARY JUDGE ERRED TO APPELLANT'S PREJUDICE BY RE-FUSING TO STRIKE THE DIRECT TESTIMONY OF A PROSECUTION WITNESS AFTER THE GOVERN-MENT WAS SHOWN TO HAVE BEEN UNABLE TO COMPLY WITH A TIME-LY DEFENSE "JENCKS ACT" RE-QUEST FOR PRODUCTION OF THAT WITNESS' MATERIAL PRETRIAL STATEMENTS BECAUSE A GOVERN-MENT AGENT HAD DESTROYED THE REQUESTED STATEMENTS WHILE PREPARING THE CASE AGAINST APPELLANT.

II

THE EVIDENCE FAILED TO NEGATE THE DEFENSE OF AGENCY AS TO SPECIFICATIONS 2 AND 4 UNDER THE CHARGE.

III

THE STAFF JUDGE ADVOCATE'S POST–TRIAL REVIEW ERRONEOUS-LY ADVISED THE SUPERVISORY AUTHORITY THAT A WITNESS' NOTES WERE NOT A "STATEMENT" WITHIN THE MEANING OF THE "JENCKS ACT."

Our disposition of the first assignment renders discussion of the remaining assignments unnecessary.

The Jencks Act, 18 U.S.C. § 3500, is applicable at trials by court–martial. *United States v. Albo*, 22 U.S.C.M.A. 30, 46 C.M.R. 30 (1972). The act provides, in part, that after a Government witness has testified on direct examination, the court shall, on motion of the accused, order the production of any statement of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the accused for his examination and use. If the Government elects not to comply with an order to deliver to the accused any such statement, the court shall strike from the record the testimony of the witness, and

the trial shall proceed unless the court in its discretion shall determine that the interests of justice require that a mistrial be declared.

The term "statement" as used in the act is defined as, among other things, a written statement made by the witness and signed or otherwise adopted or approved by him.

On 24 January and 1 February 1979 Lance Corporal M bought bags of marijuana from appellant using money furnished by the Naval Investigative Service (NIS). After each transaction, he went to the local NIS headquarters, surrendered the bags to Agent K and was interviewed. Sometime between each purchase and the interviews Lance Corporal M made a written "outline" of the events which included names, time sequences, building numbers and like facts. He gave these outlines to Agent K and, under questioning by the agent, verified their accuracy. Formal narrative statements were then prepared by Agent K, which Lance Corporal M signed under oath. Factually, according to the testimony of Lance Corporal M, the formal statements contained nothing more nor less than the outlines.

The sworn statements were made available to appellant but when at trial defense counsel asked for the production of the outlines, after Lance Corporal M's testimony for the prosecution, it was announced that the outlines had been destroyed at or about the time the sworn statements were prepared. Thereupon the military judge ruled that the outlines were not statements as defined in the Jencks Act and refused to grant appellant relief. In our opinion the military judge read the act too narrowly.

■ We recognize that not every observation recorded in writing is a statement; but, when a written recorded observation, no matter how informal, is transferred to a Government agent for the purpose of imparting information and simultaneously is orally verified by its author as to its truth and accuracy, the writing becomes a statement as contemplated by the Jencks Act and is destroyed by the Government at its peril. Although the United States Circuit Courts of Appeal had varied widely in addressing the issue of what constitutes a "statement", recent decisions of many circuits adhere to the foregoing view.[1]

■ By judicial interpretation of the Jencks Act, however, a destruction of a witness' statement "in good faith" may be excused under certain circumstances. *Killian v. United States*, 368 U.S. 231, 82 S.Ct. 302, 7 L.Ed.2d 256 (1961). We note with interest, therefore, that Agent K, who could have shed light on the destruction of Lance Corporal M's outlines, was not asked to do so. There being no showing that the outlines were destroyed prior to contemplation of prosecution of appellant nor any showing that they were destroyed pursuant to a sanctioned routine administrative practice, *United States v. Jarrie*, 5 M.J. 193 (C.M.A. 1978), we find that their destruction was improper.

■ All Jencks Act errors are not prejudicial, *United States v. Albo, supra*, but the fact relied on by the military judge that all the information contained in the outlines was subsequently incorporated into the available sworn statements does not obviate the need to produce the outlines; nor is it up to the military judge to determine whether the outlines would be useful to the defense for the purpose of impeachment. This decision must be left to appellant and his counsel. *United States v. Dixon*, 8 M.J. 149 (C.M.A.1979); *United States v. Harrison*, 524 F.2d 421, 433 (D.C.Cir.1975).

1. *See, e. g., United States v. Carrasco*, 537 F.2d 372 (9th Cir. 1976); *United States v. Johnson*, 521 F.2d 1318 (9th Cir. 1975); *United States v. Bell*, 457 F.2d 1231, 1235 (5th Cir. 1972); *United States v. Sopher*, 362 F.2d 523 (7th Cir. 1966); *Lewis v. United States*, 340 F.2d 678, 682 (8th Cir. 1965); *United States v. Spatuzza*, 331 F.2d 214 (7th Cir. 1964). *See generally United States v. Bernard*, 607 F.2d 1257 (9th Cir. 1979); *United States v. Williams*, 604 F.2d 1102 (8th Cir. 1979); *United States v. Parker*, 549 F.2d 1217 (9th Cir. 1977). *But see United States v. Gates*, 557 F.2d 1086 (5th Cir. 1977); *United States v. Hart*, 526 F.2d 344 (5th Cir. 1976); *United States v. Pacheco*, 489 F.2d 554 (5th Cir. 1974); *United States v. Jiminez*, 484 F.2d 91 (5th Cir. 1973).

██ We, of course, are precluded from any determination of the prejudicial effect of the Government's failure to produce the outlines since they are not available to us as a result of the Government's action. Under these circumstances we are required to disregard the testimony of Lance Corporal M. Since, in the absence of his testimony, there is insufficient evidence to sustain appellant's conviction of specifications 1, 2, 3 and 4 under the Charge and of the Additional Charge and its specification, the findings of guilty of these specifications and Charge are set aside. Specifications 1, 2, 3 and 4 of the Charge and the Additional Charge and its specification are dismissed.

██ The findings of guilty of specification 5 under the Charge and of the Charge are affirmed. We shall reassess the sentence, mindful that appellant has served the entire period of confinement at hard labor. Accordingly, in order to compensate him for what we consider an inappropriately long period of confinement for the only remaining offense, only so much of the sentence is approved as provides for reduction to pay grade E–1.

Chief Judge CEDARBURG and Judge DONOVAN concur.