**UNITED STATES**

v.

**Sergeant Lyles H. WILLIAMS, Jr., FR 250–17–7295 United States Air Force.**

**ACM 24008.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 13 May 1983.

Decided 3 Nov. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain John V. Sullivan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Andrew J. Adams, Jr.

Before HODGSON, FORAY and MILLER, Appellate Military Judges.

DECISION

HODGSON, Chief Judge:

The facts are not in dispute. As the result of information given them by Air Force law enforcement agents, the local police obtained a warrant from a civilian magistrate to search the accused's off-base residence. This search, which disclosed a quantity of marijuana, was conducted by a civilian police officer who was accompanied by Special Agent DuPriest of the Office of Special Investigations (OSI). The seized marijuana was secured as evidence and placed in an OSI briefcase. As it appeared the civilian authorities would release criminal jurisdiction to the Air Force, DuPriest and the accused, returned to Robins Air Force Base, Georgia. Upon arriving at the base, DuPriest realized that he had forgotten the briefcase in ·the accused's apartment. The group then returned to the apartment where DuPriest entered the premises and retrieved the briefcase, which was just inside the door.

At trial, the accused moved to suppress the evidence contained in the briefcase, contending that DuPriest's re-entry into the apartment without a second warrant constituted an unlawful search.

The issue in this case may then be stated thus: May an accused's residence be

re-entered without a search warrant to retrieve evidence previously seized under a valid search authorization but forgotten and left on the premises? We hold it can and affirm the accused's conviction.

█ The reasonableness of entry by law enforcement agents on private property is measured by the totality of the existing circumstances. *United States v. Myers,* 13 M.J. 951 (A.F.C.M.R.1982). A search is a quest for information and implies a prying into hidden places. *Lewis v. State,* 126 Ga.App. 123, 190 S.E.2d 123 (Ga.App.1972); *People v. Sylvester,* 43 Ill.2d 325, 253 N.E.2d 429 (1969). Here the search of the accused's apartment had been completed and the discovered contraband was in the custody of the government. There was no "prying into hidden places" for additional contraband,* but merely a recovery of that already lawfully obtained. It is not a search when a police officer retrieves what has previously been seized pursuant to a search authorization. DuPriest's entry into the apartment was not unreasonable under the circumstances of this case. The accused's rights under the Fourth Amendment were fully protected. *United States v. Myers, supra.* Accordingly, the findings of guilty and the sentence are

AFFIRMED.

FORAY, Senior Judge, and MILLER, Judge, concur.

---

* A strong argument could be made that the second entry was merely a continuation of the initial search conducted pursuant to a valid warrant. *See United States v. Green,* 29 C.M.R. 868 (A.F.B.R.1960). However, that question need not be resolved at this time.