UNITED STATES

v.

**Welton J. SCOTT, 462 92 1296, Engineman Fireman Apprentice (E–2), U. S. Navy.**

**NMCM 81 1257.**

U. S. Navy-Marine Corps Court of Military Review.
Sentence Adjudged 30 Oct. 1980.
Decided 28 May 1982.

LCDR Stephen C. Baker, JAGC, USN, Appellate Defense Counsel.

LCDR Michael R. McGuire, JAGC, USN, Appellate Government Counsel.

Before BAUM, Senior Judge, and ABERNATHY and KERCHEVAL, JJ.

KERCHEVAL, Judge:

Appellant, contrary to his pleas, was convicted of premeditated murder, in violation of Article 118, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 918, at a general court-martial before members. He was sentenced to confinement at hard labor for the remainder of his natural life, total forfeitures, reduction to pay grade E–1, and a dishonorable discharge. The convening authority approved the findings and sentence as adjudged.

Appellant asserts seven assignments of error before this Court. We agree with Assignment of Error VII, but reject the other assignments. The first two assignments, however, also warrant discussion.

I

THE MILITARY JUDGE ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS TWO PRETRIAL STATEMENTS MADE BY APPELLANT AND PHYSICAL EVIDENCE OBTAINED AS A RESULT OF A SEARCH OF APPELLANT'S LOCKER. *SEE DUNAWAY v. NEW YORK*, 442 U.S. 200, 99 S.CT. 2248, 60 L.ED.2D 824 (1979) AND *UNITED STATES v. ESCOBEDO*, 11 M.J. 51 (CMA 1981).

On 19 July 1980 the body of a murder victim was discovered on board Ship Repair Facility, U. S. Naval Station, Guam. Appellant became a prime suspect in the Naval Investigative Service's (NIS) investigation of the crime, prompting Special Agent Simon's decision to have appellant brought in to his office for questioning. Appellant was located at the military beach by security officers and transported to the NIS office at about 1500 that afternoon. He was given Article 31(b), UCMJ, warnings and counsel rights, acknowledged and waived the rights, and was informed that he was suspected of murder. Appellant would have been physically restrained had he attempted to leave the interview room by any means other than transportation back to his ship provided by the agent. Appellant subsequently consented to a search of his locker, which yielded a pair of pants containing stains later identified as blood. Special Agent Simon then interviewed appellant a second time in which, after appellant was again warned of his rights, he confessed to committing the murder. Appellant "readily" agreed to return to the scene of the murder and reenacted how he killed the victim.

Appellant, relying on *Dunaway v. New York*, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979), and *United States v. Escobedo*, 11 M.J. 51 (C.M.A.1981), asserts that his initial detention violated the Fourth Amendment because he was seized without probable cause. He further contends that, because of the alleged violation, the statements made during the interview, the evidence seized pursuant to the search of his locker, and his subsequent confession should not have been admitted at trial.

The Supreme Court in *Dunaway v. New York, supra*, held that the Fourth Amendment requires police to have probable cause to believe that an individual has committed an offense before he can be brought in for custodial interrogation. It is clear from the record of trial that appellant was subjected to custodial interrogation, but we need not decide whether the NIS had probable cause in light of the conclusions we have reached

concerning *Dunaway v. New York, supra,* and *United States v. Escobedo, supra.*

While the reasonableness requirement of the Fourth Amendment generally mandates that a seizure be based upon probable cause, *e.g., Dunaway v. New York, supra; Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), certain seizures are permissible on a lesser standard, *see, e.g., Michigan v. Summers,* 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981);[1] *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). It is also apparent to this Court that the ordering of a servicemember to report to military investigative authorities for questioning about a serious offense that has been committed within a military enclave should be subjected to less rigorous requirements than those imposed on the civilian community in general. It has been "long recognized that the military is, by necessity, a specialized society separate from civilian society." *Parker v. Levy,* 417 U.S. 733, 743, 94 S.Ct. 2547, 2555, 41 L.Ed.2d 439 (1974). *See also Brown v. Glines,* 444 U.S. 348, 354, 100 S.Ct. 594, 599, 62 L.Ed.2d 540 (1980); *United States v. Middleton,* 10 M.J. 123, 127 (C.M.A. 1981). Furthermore, "it is forseeable that reasonable expectations of privacy within the military society [as provided by the Fourth Amendment] will differ from those in the civilian society." *United States v. Middleton, supra* at 127; *see also Parker v. Levy, supra,* 417 U.S. at 751, 94 S.Ct. at 2559.

The detention of appellant was one of those situations where the specialized needs of the military should permit a seizure on less than probable cause. A brutal murder was committed on base and it was imperative that the investigation and solution of the offense be accomplished as soon as possible in order to maintain order, effectiveness, and discipline at the command. Persons in the military realize that they are subjected to orders which members of the civilian community are not. As stated by the Court of Military Appeals:

It is true that military personnel have legal and personal rights not subject to military orders, and that orders which are arbitrary and unreasonable, or too broad and uncertain, cannot be approved. See *United States v. Milldebrandt,* 8 USCMA 635, 25 CMR 139; *United States v. Wysong,* 9 USCMA 249, 26 CMR 29; *United States v. Nation,* 9 USCMA 724, 26 CMR 504; *United States v. Wilson,* 12 USCMA 165, 30 CMR 165; *United States v. Wheeler,* 12 USCMA 387, 30 CMR 387; *United States v. Aycock,* 15 USCMA 158, 35 CMR 130. However, it is also to be remembered, as a unanimous Court pointed out as early as *United States v. Martin,* 1 USCMA 674, 676, 5 CMR 102:

"... All activities which are reasonably necessary to safeguard and protect the morale, discipline and usefulness of the members of a command and are directly connected with the maintenance of good order in the services are subject to the control of the officers upon whom the responsibility of the command rests. ..."

*United States v. Giordano,* 15 U.S.C.M.A. 163, 166–67, 35 C.M.R. 135, 138–39 (1964).

For these reasons we find that the requirement for probable cause to seize an individual for questioning as enunciated in *Dunaway v. New York, supra,* is not applicable to the military setting. In this regard we note that the Court of Military Appeals in *United States v. Escobedo, supra,* did not address the question of whether *Dunaway* applies to military authorities who have seized or detained a service member for custodial questioning by a means short of apprehension. *Escobedo* involved a situation where an accused was illegally *apprehended* without probable cause. The Court in that case drew from the analysis used in *Dunaway* to determine whether the accused's subsequent confession was sufficiently attenuated of the taint caused by the illegal apprehension. *Dunaway* was not

---

1. The Supreme Court in *Michigan v. Summers, supra,* indicated that, even in light of *Dunaway v. New York, supra,* certain less intrusive seizures of suspects are permitted by civilian law enforcement authorities.

utilized as the basis for finding the apprehension to be unlawful. *See United States v. Escobedo, supra* at 55.

■ Appellant was therefore lawfully seized for purposes of questioning about a suspected offense and the contested evidence flowing from that questioning was properly admitted at his court-martial. He was also properly afforded Article 31(b), UCMJ, warnings and counsel rights, which he waived, and was not formally apprehended until after the NIS clearly had probable cause to believe that he committed the murder. Accordingly, appellant's first assignment of error is rejected.

## II

THE MILITARY JUDGE ERRED IN DENYING APPELLANT'S REQUEST TO COMPEL AGENT SIMON TO TESTIFY BEFORE OTHER PROSECUTION WITNESSES. *SEE* RULE 615, MILITARY RULES OF EVIDENCE.

Mil.R.Evid. 615 states as follows:

At the request of the prosecution or defense the military judge shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and the military judge may make the order sua sponte. This rule does not authorize exclusion of (1) the accused, or (2) a member of an armed service or an employee of the United States designated as representative of the United States by the trial counsel, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's case.

In short, the rule authorizes the military judge to exclude a witness from the courtroom during the testimony of other witnesses unless that witness is included within one of the three exceptions enumerated by the rule.

■ Pursuant to Mil.R.Evid. 615(2), trial counsel designated Special Agent Simon as a representative of the United States, which prevented his exclusion from the courtroom during the testimony of other witnesses called to testify in the case. Special Agent Simon was the fifth witness called by the prosecution, enabling him to hear the testimony of four other witnesses before he testified.

Mil.R.Evid. 615 is taken from Fed.R.Evid. 615 [2] with only minor changes in terminology. *See* Analysis of the Military Rules of Evidence, Rule 615, Appendix 18, *Manual for Courts-Martial, 1969 (Rev.)* (Drafter's Analysis). We, therefore, find the interpretation by the courts of the federal version of the rule instructive in our interpretation of the military version, and find the interpretation by those courts correct and equally applicable to the military rule.

Investigative agents, such as Special Agent Simon, are clearly within that group of persons who may be designated as a representative of the United States, even though they will be called as a witness. *United States v. Holmes*, 594 F.2d 1167 (8th Cir. 1979); *In re United States*, 584 F.2d 666 (5th Cir. 1978). Appellant, however, challenges the denial by the military judge of appellant's request to compel Special Agent Simon to testify before he heard the testimony of other witnesses. While the analysis to Mil.R.Evid. 615 recognizes the development of a defense right, upon request, to have the Government's representative testify before the other witnesses, *see* Drafter's Analysis, *supra*, it is discretionary with the trial judge as to whether he will require the representative to testify before the other witnesses. *United States v. Alvarado*, 647 F.2d 537 (5th Cir. 1981). In the instant case there was clearly no abuse of discretion by the military judge, for appellant was in no way prejudiced by Special Agent Simon hearing the testimony of those witnesses called before him, especially

2. Fed.R.Evid. 615 provides:

At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.

since the agent's testimony was not offered to corroborate the testimony of the prior witnesses, and not of a nature that he could have formulated any part of his testimony based on that of any of those witnesses. We, therefore, reject this assignment of error.

### VII

THE CONVENING AUTHORITY ERRED IN APPROVING THE ENTIRE ADJUDGED SENTENCE WHERE THE MILITARY JUDGE HAD ORDERED ADMINISTRATIVE CREDIT BE GIVEN FOR 27 DAYS OF PRETRIAL CONFINEMENT (R. 501). *SEE UNITED STATES v. LARNER,* 1 M.J. 371 (CMA 1976).

█ The 27 days of administrative credit ordered by the military judge was proper.

*See* Article 13, UCMJ, 10 U.S.C. § 813; paragraph 125, MCM. We, therefore, order that appellant be given an administrative credit of 27 days against his sentence to confinement. *See, e.g., United States v. Larner,* 1 M.J. 371 (C.M.A.1976).

Accordingly, the findings and sentence as approved on review below are affirmed.

Senior Judge BAUM and Judge ABERNATHY concur.