# UNITED STATES

v.

**Gregory Austin PRICE, 282 54 3052, Sonar Technician (Surface) Seaman (E–3), U.S. Navy.**

## NMCM 81 1768.

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 10 Dec. 1980.

Decided 28 Dec. 1982.

---

MAJ Joseph M. Poirier, USMC, Appellate Defense Counsel.

LCDR R. Clayton Seaman, Jr., JAGC, USN, Appellate Government Counsel.

Before CEDARBURG, C.J., and GORMLEY and MIELCZARSKI, JJ.

CEDARBURG, Chief Judge:

Tried by general court-martial composed of commissioned and enlisted members, appellant was found guilty, contrary to his pleas, of premeditated murder under Article 118, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 918. Members sentenced appellant to a dishonorable discharge, confinement at hard labor for life, and reduction to the lowest enlisted pay grade. The convening authority approved the sentence as adjudged.

Appellant now submits the following assignments of error for this Court's consideration:

I

THE TESTIMONIES OF ANTHONY [B], RICHARD [B], AND KEVIN [L] WERE ERRONEOUSLY ADMITTED INTO EVIDENCE, OVER THE DEFENSE'S OBJECTION, INASMUCH AS THE GOVERNMENT FAILED TO COMPLY WITH THE JENCKS ACT.

II

THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT IN DENYING THE

DEFENSE MOTION TO REOPEN THE ARTICLE 32 INVESTIGATION AND TO REQUIRE THE PRESENCE OF GOVERNMENT WITNESSES, HTFN [B] AND SA [C].

### III

THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY DENYING THE DEFENSE'S MOTION TO SUPPRESS THE APPELLANT'S ORAL AND WRITTEN ADMISSIONS AND ALL EVIDENCE OBTAINED AS A FRUIT OF THE SAID ADMISSIONS.

### IV

THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY FAILING TO SUA SPONTE GIVE A CURATIVE INSTRUCTION TO THE EFFECT THAT THE BURDEN OF PROOF IS ALWAYS ON THE GOVERNMENT.

### V

THE GOVERNMENT FAILED TO PROVE BEYOND A REASONABLE DOUBT THE APPELLANT'S GUILT AS TO CHARGE II AND ITS SOLE SUPPORTING SPECIFICATION.

### VI

THE CONVENING AUTHORITY ERRONEOUSLY APPROVED THE SENTENCE AS ADJUDGED INASMUCH AS HE FAILED TO GIVE THE APPELLANT ADMINISTRATIVE CREDIT FOR TWENTY–EIGHT DAYS OF ILLEGAL PRETRIAL CONFINEMENT.

### VII

THE CONVENING AUTHORITY'S ACTION AS WELL AS THE STAFF JUDGE ADVOCATE'S REVIEW ARE INVALID FOR REASONS STATED IN THE TRIAL DEFENSE COUNSEL'S GOODE RESPONSE DATED 6 APRIL 1981.

From our examination of the record, we find that Assignment of Error VI requires corrective action which will be ordered. While we reject the remaining assignments of error, we deem discussion of Assignments I, III, and VII appropriate.

### I

Following the testimony of three Government witnesses, the defense, pursuant to the Jencks Act, 18 U.S.C. § 3500, requested production of all pretrial statements provided by these witnesses in the course of the Naval Investigative Service (NIS) investigation. Testimony from the investigating agents disclosed that rough handwritten notes taken during the interviews were used, together with the agent's own recollection, in dictating a formal statement into a tape recorder in the witness' presence. A verbatim transcript of each recording was prepared immediately thereafter, which was then reviewed and signed by the respective witness. The agents testified at trial that the NIS clerical staff was instructed to make a *verbatim* transcript, without deletion or modifications. While the rough notes were preserved and provided to trial defense counsel, a search revealed that the tapes themselves had been erased and reused pursuant to standard NIS procedure.

█ The Government's failure to preserve the tape recordings, while clearly a Jencks Act violation, does not necessitate remedial action under the circumstances of the instant case. Balancing the potential prejudice to appellant against the degree of negligence involved, we conclude "it would offend common sense and the fair administration of justice to order a new trial." *Killian v. United States,* 368 U.S. 231, 243, 82 S.Ct. 302, 309, 7 L.Ed.2d 256 (1961). The record makes clear that the decision to erase the tape recordings was made through ignorance and not from any motive to harass or deliberately suppress evidence. *See United States v. Augenblick,* 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969). Moreover, the formal statements provided by the Government were prepared as verbatim

transcripts which had been reviewed and signed by each witness. Thus trial defense counsel was provided with the requested information, albeit in a different form. In holding that remedial action is not appropriate under these circumstances, we again note our preference for the prevailing balancing analysis. *See Killian, supra. See also United States v. Boyd,* 14 M.J. 703 (N.M.C.M.R.1982).

### III

During an initial Article 39(a) UCMJ, 10 U.S.C. § 839(a), session, the defense moved to suppress various statements made by appellant during interviews with NIS, together with physical evidence obtained as a result of those statements, arguing that the Government had acted contrary to the mandates of *Dunaway·v. New York,* 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979) and Rule 305(d)(2), Military Rules of Evidence. We have independently reviewed the evidence adduced by both sides at trial and reject the argument advanced by appellant.

█ We conclude that the circumstances of appellant's detention did not constitute a seizure of his person within the meaning of *Dunaway, supra,* and *United States v. Schneider,* 14 M.J. 189 (C.M.A.1982); *cf. United States v. Scott,* 13 M.J. 874 (N.M.C. M.R.1982).[1] In *Schneider,* Judge Cook perceptively examined the obvious differences between military and civilian practices which prevent literal application of the *Dunaway* doctrine. *Schneider, supra* at 192. He additionally noted that not every interrogation at the "police station" amounts to custodial interrogation. *Id.* at 195. The place where an interrogation is conducted is a factor, but not a conclusive factor in determining whether a subject is in custody. *United States v. Leiffer,* 13 M.J. 337 (C.M.A.1982); *United States v. Chatman,* 573 F.2d 565 (9th Cir.1977); *United States v. Salter,* 521 F.2d 1326 (2d Cir. 1975).

█ *Schneider* suggests an *ad hoc* consideration of the particular circumstances is necessary to resolve the question of custody or seizure of a person within the meaning of *Dunaway.* Our examination of this record reveals these pertinent facts and conclusions:

(1) Appellant was one of ten ship's personnel NIS requested be made available for interview.

(2) Appellant along with his nine shipmates were detailed by the command to appear at NIS for interview.

(3) Appellant did not protest his assignment to appear for interview.

(4) Appellant was not placed in apprehension.

(5) All ten persons were furnished transportation by security forces from ship to the NIS office and back as an administrative expedient.

(6) Of the ten subjects requested for interview, six were examined without need of Article 31 warnings and four, including the appellant, were given warnings because of perceived focus of suspicion.

(7) All ten subjects were kept in a common waiting room, designed for that purpose, at the NIS facility while awaiting interview.

(8) Because it was not a normal work day, office staff were not present to assist the three NIS agents conducting the interviews; therefore, security forces remained present to ensure integrity of office spaces and to direct the ten subjects to administrative amenities.

(9) The security force was under no instruction to restrain any subject who might try to leave.

(10) The ten subjects were free to leave at any time in the opinion of the interviewing NIS agents.

(11) The NIS facility had the appearance of ordinary office spaces and was without bars on windows and doors.

1. While we conclude that there was sufficient evidence of probable cause to justify the decision to briefly detain appellant for questioning which would satisfy the requirements of *Duna-*way, in view of our determination that there was no seizure, there is no need to address that issue.

(12) The appellant did not protest his presence at the facility or request to leave.

(13) The appellant was not harassed, intimidated, humiliated, or physically re-strained at any time.

(14) The manner in which appellant was detained was not calculated to cause surprise, fright, or confusion.

In summary appellant was under no more restraint, obligation to appear or remain for interview, or personal inconvenience than were the six witnesses who were members of the ship's watch on duty at the time of the suspected homicide or the three other shipmates who received Article 31, UCMJ, 10 U.S.C. § 831 warnings but were not implicated in the crime. The circumstances depict a routine investigation of a serious crime with interviews conducted in the privacy and calm of administrative spaces designed for that purpose, rather than a seizure of persons.

We are unable to rationalize a conclusion that appellant was seized within the meaning of *Schneider* and *Dunaway,* while six witnesses and three other suspects interviewed under identical circumstances were not. To hold all ten subjects were seized forces a conclusion which would virtually proscribe investigatory interview in the military milieu except where probable cause can be articulated. We do not believe this is the intent of either *Schneider* or *Dunaway.*

## VII

■ Appellant's final assignment of error alludes to those deficiencies in the post-trial review process perceived by trial defense counsel in his *Goode* response. We remain unpersuaded by this challenge, finding any deficiencies in the post-trial review to be nonprejudicial under the circumstances presented.

The assignment argues, in part, that both the convening authority and his staff judge advocate were disqualified from participating in the review process as a result of a pretrial motion challenging the Article 34, UCMJ, 10 U.S.C. § 834 review. In denying the defense motion, the trial judge acknowledged that the Article 34 advice had been incomplete, yet declined the requested relief based upon various factual assertions contained in an affidavit signed by the convening authority.

We find nothing in the pretrial actions of the convening authority or staff judge advocate which would preclude them from fulfilling their post-trial responsibilities. The circumstances surrounding referral of charges and the information contained in the affidavit reveal no personal feeling or interest in the outcome of the litigation which would compromise the convening authority's judicial role. As his involvement in pretrial matters was purely official in nature, the convening authority was not disqualified. *United States v. Crossley,* 10 M.J. 376 (C.M.A.1981). Similarly, the omission in the Article 34 advice, noted by the military judge, was both immaterial and nonprejudicial. The convening authority apparently was aware of the legal relationship between the charges referred. Moreover, the military judge's decision denying a new Article 34 review was reasonable, where the convening authority's affidavit demonstrated that amending the pretrial advice would be a meaningless exercise. As the pretrial review was correct in all material aspects, the staff judge advocate was not barred from acting on the post-trial review. *United States v. Collins,* 6 M.J. 256 (C.M.A.1979).

■ Appellant also suggests that the post-trial review is deficient by failing to provide an adequate delineation of the elements of the offense charged and failing to discuss fully the evidence as it relates to each element. As this Court noted in *United States v. Powis,* 8 M.J. 809 (N.C.M.R. 1980), the breadth and detail considered appropriate in a staff judge advocate's review will turn on the facts and issues raised in the particular case. In each instance, the convening authority must be given adequate guidelines which will allow him to appreciate the import of the facts and the law which govern his judicial determina-

tion. *United States v. Hagen,* 9 M.J. 659 (N.C.M.R.1980). We find that the guidance provided the convening authority in the instant case was sufficient and decline to return the record.

The staff judge advocate's review includes a detailed summary of the evidence presented. The elements of the offense are set forth and reference is made to the testimony which establishes the particular element beyond a reasonable doubt. While further rationalization of the evidence to the elements might be preferred, we find adequate compliance with paragraph 85*b, Manual for Courts-Martial, 1969 (Rev.).* Given the adequacy of the initial post-trial review, appellant has not been prejudiced by the absence of a supplemental review following trial defense counsel's *Goode* response. *See United States v. Barbarick,* No. 80 0352 (N.C.M.R. 28 April 1980).

## VI

■ We note in closing, that the administrative credit ordered by the military judge based upon illegal pretrial confinement was proper. *See* Article 13, UCMJ, 10 U.S.C. § 813. We therefore order that appellant receive 28 days administrative credit against his sentence to confinement. *See Scott, supra* at 878.

Accordingly, the findings and sentence as approved on review below are affirmed.

Judge GORMLEY and Judge MIELCZARSKI, concur.