**UNITED STATES**

v.

**Airman First Class James W. HORST, FR 568–23–4869 United States Air Force.**

**ACM S26092.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 24 May 1983.

Decided 8 Dec. 1983.

---

Appellate Counsel for the Accused: Colonel George R. Stevens and Major William H. Lamb.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Brenda J. Hollis.

Before HODGSON, FORAY and MILLER, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The admissibility of the accused's pretrial statement is the sole issue before us. Citing *Dunaway v. New York*, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979), appellate defense counsel argue that the trial judge erred in not suppressing a statement the accused gave to the Office of Special Investigations (OSI). Specifically, they contend that the accused's confession was the result of a custodial interrogation based upon an insufficient showing of probable cause to "seize" the accused for questioning.

## I

We must first consider the applicability of the *Dunaway* decision to the military. In *United States v. Schneider*, 14 M.J. 189 (C.M.A.1982), the Court of Military Appeals analyzed the Supreme Court's holding in *Dunaway, supra,* and concluded that the differences between the military and civilian practices prevent a literal application of the *Dunaway* doctrine. Writing for a unanimous court, Judge Cook stated in *Schneider, supra,* at page 192:

The obligations of the military member occasioned by his military status and by the relationships inherent in a military organization are different from those of the citizen to the police. There are numerous situations in the military context where a military person is required to provide information to military authorities without consideration of the existence of probable cause to detain. This may occur on the street, in offices, and in hearing rooms, as well as in places specifically provided for interrogation. And

the obligation to report to such places for the purpose of giving such information, if properly related to the military mission, is a valid military duty. [citations omitted]

Judge Cook went on to state that the military appellate system was not free to ignore the decisions of the Supreme Court, but must, instead attempt to fit those decisions into the context of a military society. Accordingly, the Court mandated there would be a "threshold requirement" that the accused was properly given the Article 31, 10 U.S.C. § 831/Tempia warnings.* This having been established, the conditions surrounding the taking of the accused's statement should then be examined to see if they amounted to a custodial interrogation. If the accused was in custody within the terms of Article 7, U.C.M.J., 10 U.S.C. § 807, the apprehension must be supported by probable cause.

In the case at bar we conclude, as did the trial judge, that the accused was properly advised of the Codal warnings and of his right to the assistance of counsel. Therefore, the government fully met its threshold requirement of establishing that the accused's statement was voluntary. *See United States v. Garcia,* 15 M.J. 685 (A.F.C. M.R.1983).

█ The Uniform Code of Military Justice does not state the exact method by which an apprehension may be accomplished, but simply provides that apprehension is the taking of a person into custody. Article 7(a) U.C.M.J. The law is clear that whether an apprehension has occurred involves a factual determination, and no specific words need be used. *United States v. King,* 42 C.M.R. 1004 (A.F.C.M.R.1970); *United States v. McCutchins,* 37 C.M.R. 678 (A.B.R.1967).

## II

█ After having resolved the preliminary matter, the remaining questions are: 1) Was the accused taken into custody for questioning; and if so, 2) Was the custody the result of an apprehension that was supported by probable cause? Of course, not every questioning at a "police station", i.e., an OSI office, amounts to custodial interrogation. The place where the questioning occurs is a factor to consider, but it alone is not the sole determinant of whether an individual is in custody. *United States v. Schneider, supra; United States v. Price,* 15 M.J. 628 (N.M.C.M.R.1982). Accordingly, we consider the facts of the instant case.

The record established that the accused was told to report to the OSI office at 0800 hours, 3 February 1983. To insure that he arrived at the time and place specified, a senior noncommissioned officer was detailed to accompany him. The accused and his escort remained in the OSI waiting room until Special Agent Lindsay, who was to conduct the interview, arrived. At that point the escort left, and the questioning of the accused began. The accused testified he was not allowed to leave the room except to go to the bathroom. He also stated he was under the impression he could not leave unless the questioning agent allowed him to. Lindsay admitted that the accused was never specifically advised he could leave the interview room at any time, but maintained the accused was told at the beginning of the interview, "he could choose to talk to him or not." During the cross-examination by the defense counsel, Lindsay stated that, at the time of the questioning, he had information that the accused was involved in the use, sale and distribution of drugs.

As stated earlier, appellate defense counsel contend that the accused's questioning was actually a custodial interrogation which was the result of an "unlawful arrest" not based on probable cause. Further, since there were no intervening events to break the connection between the illegal detention and the confession to Agent Lindsay, the trial judge should have granted the defense motion to suppress the confession.

█ A "seizure" of a person, within the meaning of the Fourth Amendment, occurs

---

* Article 31, U.C.M.J.; *United States v. Tempia,* 16 U.S.C.M.A. 629, 37 C.M.R. 249 (1967).

only when, in view of all the circumstances surrounding the incident, a reasonable person would have believed he was not free to leave. *United States v. Spencer,* 11 M.J. 539 (A.C.M.R.1981).

■ Accepting, *arguendo,* that the conditions of the accused's questioning amounted to a custodial interrogation, the government had ample probable cause to take the accused into custody. Lindsay, at the time he questioned the accused, had available statements from five individuals which, in addition to outlining their own drug abuse, gave a detailed account of the accused's drug involvement. These admissions against penal interests by the named co-actors "carry their own indicia of credibility." *United States v. Zinsmeister,* 48 C.M.R. 931 (A.F.C.M.R.1974) and cases cited therein. Additionally, the statements tended to corroborate each other. *See generally United States v. Rogers,* 46 C.M.R. 896 (A.C.M.R. 1972). The test for probable cause to question a suspect *is not* proof beyond a reasonable doubt, but the possession of information which would lead a reasonable, cautious and prudent police officer to believe an offense has been or is being committed. In our view, Special Agent Lindsay possessed such information. For the reasons heretofore stated the findings of guilty and the sentence are

AFFIRMED.

FORAY, Senior Judge, and MILLER, Judge, concur.