**UNITED STATES**

v.

**Captain Garald L. BARBER,
523–82–0055 FR, United
States Air Force.**

**ACM 24718.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 16 Nov. 1984.

Decided 17 May 1985.

---

Before HODGSON, FORAY and MUR-DOCK, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

This appeal concerns the Jencks Act,[1] which provides that after a witness has testified the government must produce any statement of the witness in the possession of the government which "relates to the subject matter as to which the witness has testified." Rather than follow the statute, the trial defense counsel, through a motion *in limine*, sought to suppress the testimony of a key government witness, contending that numerous statements by this individual relating to his own drug misconduct had been lost or destroyed by the government and therefore were not available to the defense in conducting their cross-examination.[2] They argued the missing statements were vital to the appellant's case as the credibility of this witness was a crucial factor. The appellant concedes the missing statements do not relate to allegations about him, but rather outline the witness's drug involvement with others.

On the other hand, the prosecution admitted at trial that the witness had made additional statements and acknowledged they were missing and not available. They averred, however, the statements concerned only collateral aspects of the witness's testimony and thus were not within the ambit of the Jencks Act. Therefore, the inability of the government to produce the missing statements was immaterial.

The trial judge, after taking evidence and accepting proffers of proof, made factual findings which in summarized form state:

1) In late February or early March 1983, Staff Sergeant Eugene M. Judah, Jr,

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Lieutenant Colonel Patrick C. Sweeney.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Victor A. Sulin, USAFR.

1. 18 U.S.C. § 3500.

2. We do not endorse using a motion *in limine* as the vehicle to invoke the Jencks Act. The language of the provision is clear and requires the government to produce statements only after the witness has testified. *United States v. Blasco,* 702 F.2d 1315 (11th Cir.1983); *United States v. Austin,* 99 F.R.D. 292 (D.C.Mich.1983). Due

process does not require a premature production as the result of a motion to suppress. *United States v. Montos,* 421 F.2d 215 (5th Cir.1970). We think trial judges would be well advised to follow the statute, although in this case the appellant was not harmed by the procedure used.

Spangdahlem Air Base, Germany, offered to provide information regarding illegal drug activities and misuse of government property on the part of other service members in exchange for transactional immunity;

2) With the assistance of appointed counsel, Judah prepared rough-written notes of everything he knew about such activities, including his own involvement. From the rough notes he prepared a final draft that was divided into about 18 numbered sections by name of the individual involved or the incident of which he had knowledge. These drafts included recitations of his own drug activities and were given to his defense counsel;

3) Judah's defense counsel, using the information Judah had provided, obtained for him a grant of immunity for the acts identified in his statements;

4) The final draft was given to Office of Special Investigation (OSI) agents who interviewed Judah and had him execute approximately 18 sworn statements that contained essentially the same information he had provided his counsel;

5) Because Judah was concerned about the original rough notes the OSI destroyed them;

6) Judah provided two statements outlining his drug involvement with the appellant. These two statements, plus four others made by Judah, were furnished to the defense;

7) Except for the six statements by Judah given the defense, neither the rough drafts nor the final versions of the remaining statements, e.g. approximately 12, are still in existence, but at one time were in the hands of the government; and

8) There is no evidence that the loss or destruction of the missing statements was accomplished in an effort to withhold evidence from the defense.

The trial judge concluded that the missing statements did not relate to the subject matter of Judah's expected testimony and would at most be collateral or incidental thereto. He found that Judah's own drug involvement was covered fully in the statements already provided the defense. Accordingly, he denied the motion to suppress.

The Jencks Act applies to courts-martial, *United States v. Myers*, 13 M.J. 951 (A.F.C.M.R.1982), and the principal purpose of this provision is to provide the defense with material that may impeach a government witness. *United States v. Harris*, 458 F.2d 670 (5th Cir.1972); *United States v. Wiley*, 534 F.2d 659 (6th Cir.1976). Statements of government witnesses are material if they could have been used for impeachment purposes that might have affected the outcome of the trial. *United States v. DiFrancesco*, 604 F.2d 769 (2nd Cir.1979), *rev'd on other grnds*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). It is the duty of the trial judge to determine relevancy, and to make this determination, the judge *must read* the material. *United States v. Peters*, 625 F.2d 366 (10th Cir.1980). Clearly, an assertion by government counsel that the missing statements are not within the scope of the provision is not enough. *United States v. Peters, supra; Matthews v. United States*, 322 A.2d 908 (D.C.App.1974).

Since the requested statements were not available for the judge's inspection, we must now decide whether he erred in failing to suppress Judah's testimony without reading them. The judge's ruling in this area will be disturbed only if it was clearly erroneous. *United States v. Mechanic*, 454 F.2d 849 (8th Cir.1971). The acknowledged content of the requested statements was not totally immaterial as it had the potential to lessen Judah's credibility by virtue of his own drug misconduct. *See generally United States v. Starusko*, 729 F.2d 256 (3rd Cir.1984). We cannot say the statements had no evidentiary value. *United States v. Allen*, 13 M.J. 597 (A.F.C.M.R.1982). We conclude, therefore, the trial judge was wrong in ruling, without hav-

ing the requested statements available for inspection, that the government need not produce them. Destruction of material under this section may violate the spirit of the section and could invoke the sanctions permitted, i.e., mistrial or striking of the witness's testimony even when the destruction was accomplished in the absence of bad faith. *United States v. Truong Dinh Hung*, 629 F.2d 908 (4th Cir.1980). Left now for our determination is whether the appellant was prejudiced by the ruling.

 The harmless error concept is applicable in appropriate circumstances to claims of error under this provision. *Middleton v. United States*, 401 A.2d 109 (D.C. App.1979). We are aware, of course, that the harmless error doctrine is to be strictly applied in cases under this section. *United States v. Peters, supra.* However, where it is perfectly clear the defense was not prejudiced by the error, the conviction should not be reversed. *Krilich v. United States*, 502 F.2d 680 (7th Cir.1974). All parties to the trial agreed that the missing statements did not concern allegations of the appellant's misconduct, but related to allegations of Judah's drug involvement, who at trial testified in detail about his drug problem. The members were also aware that Judah was testifying under a grant of immunity. The defense had available to it information on which to attack Judah's credibility. In our opinion their ability to cross-examine him was not impeded. *See United States v. Durden*, 14 M.J. 507 (A.F.C.M.R.1982); *United States v. Myers, supra.* The appellant was not denied a fair trial by the trial judge's errant ruling in this area. *See generally United States v. Gannt*, 617 F.2d 831 (DC 1980).

Having decided that the error just discussed was harmless, we are convinced beyond a reasonable doubt of the appellant's guilt in wrongfully using marijuana and wrongfully distributing drug abuse paraphernalia. Article 66(c), U.C.M.J., 10 U.S.C. § 866(c). The findings of guilty and the sentence are

AFFIRMED.

FORAY, Senior Judge, and MURDOCK, Judge, concur.