**UNITED STATES**

v.

**Staff Sergeant Vernon B. HOLMES, FR 192–48–3029, United States Air Force.**

**ACM 26249.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 26 June 1987.

Decided 25 Nov. 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major William J. Reichart.

Appellate Counsel for the United States: Colonel Joe R. Lamport and Lieutenant Colonel Robert E. Giovagnoni.

Before HODGSON, FORAY and HOLTE, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The Jencks Act, 18 U.S.C. § 3500, is the basis for R.C.M. 914. This provision requires the military judge to make available to the defense, after a witness has testified, any "statements" possessed by the prosecution that the witness has made. Its purpose is to allow the defense access to matters that may be used for impeachment. *See United States v. Myers,* 14 M.J. 935 (A.F.C.M.R.1982). The appellant, in a Motion for Appropriate Relief, sought to preclude a crucial government witness from testifying because a "statement" he made to law enforcement investigators was lost and thus not available to the defense for use in cross-examination. We again remind trial participants that the language of the provision is clear and requires the government to produce statements *only* after the witness has testified. *See United States v. Barber,* 20 M.J. 678 (A.F.C.M.R. 1985).

The situation before us is one of first impression since the "statement" requested by the appellant was lost, as the result of a power outage, from the transient memory of a word-processor used by the interviewing agent to transcribe his notes.

The facts surrounding the taking of the "statement" are undisputed. At approximately 1000 hours, 26 September 1986, Airman First Class James R. Jude was interviewed by Special Agents Paul Miller and Julie Meduna of the Office of Special Investigations (OSI). After advisement of rights, Jude agreed to make a statement, and subsequently became a key government witness against the appellant. During the interview Agent Meduna made hand-written notes concerning the matters discussed. After lunch the interview continued with Agent Miller making notes.

Shortly after the afternoon interview began, Miller decided to compile the information from the morning interview onto a word-processor using Meduna's notes, his notes and oral statements from Jude and the latter's notes. Miller chose to organize

the statement by type of drug rather than by each individual's overall involvement. Accordingly, marijuana was the first drug discussed. Miller indicated he had limited experience with word-processing equipment, so the compilation of information was a "slow process." The interview was concluded at about 1630 hours, and the statement thus far completed was saved on a floppy disk. Both Miller and Jude agreed that the statement thus far created related only to marijuana involvement.

A few days later, with Jude not present, Miller began adding more information to the earlier statement. Initially he retrieved, on the word-processor, Jude's statement from the earlier interview. Miller then added information concerning cocaine involvement to the 26 September statement using his notes and recollection of statements made by Jude during the first interview. Approximately 20 minutes after he began to add to the 26 September statement, a power outage caused a complete loss of the cocaine information. Attempts to retrieve the information by Miller and others more experienced in data processing were unsuccessful.

Prior to Jude testifying the appellant had access to the statement Jude had made on 26 September as well as the notes taken by Miller and Meduna during their interview of Jude. Additionally, the defense was provided information concerning Jude's extensive use of marijuana, hashish, cocaine, lysergic acid diethyamide (LSD) and amphetamines which was used during cross-examination to attack his credibility.

R.C.M. 914 defines a "statement" of a witness as "a written statement by the witness that is signed, adopted or approved by the witness." A statement also includes a substantially verbatim account of an oral statement made by the witness that is recorded contemporaneously with the oral statement. Documents must be statements by the witness to be subject to disclosure under R.C.M. 914.

We hold that Miller's compilation in early October of information told him by Jude on 26 September is not a "statement" within the meaning of R.C.M. 914. First, it is clear that since Jude was not present when Miller resumed assembling, in a readable format, the information told him by Jude, the latter had never seen, read, or had read to him the document the appellant wished produced. Since no written statement existed and he was not present as it was being created, Jude could not have signed, adopted or approved it. It is also clear that Miller's compilation was not a verbatim account of an oral statement recorded contemporaneously with the making of the statement. Accordingly, the trial judge did not err in refusing to suppress Jude's testimony. *United States v. Padin,* 787 F.2d 1071 (6th Cir.1986); *compare United States v. Myers,* 13 M.J. 951 (A.F.C.M.R. 1982) (hand-written statement and typed statement by witness substantially identical thus no error in failing to produce the hand-written version). For the reasons stated, the findings of guilty and the sentence are

AFFIRMED.

Senior Judge FORAY and Judge HOLTE concur.