**UNITED STATES**

v.

**Senior Airman Dambrous B. HAMILTON, FR 297–76–5824, United States Air Force.**

**ACM 26821.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 12 Feb. 1988.

Decided 20 Oct. 1988.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major William J. Reichart.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Major Jeffrey H. Curtis.

Before LEWIS, BLOMMERS and KASTL, Appellate Military Judges.

DECISION

BLOMMERS, Judge:

On appeal, as he did at trial, the appellant challenges the military judge's failure to suppress the testimony of a key government witness because of violations of the Jencks Act, 18 U.S.C. Sec. 3500.*

---

* Contrary to his pleas, he stands convicted of attempting to possess cocaine on divers occa-

sions with intent to distribute the substance, and two specifications of distribution of co-

Airman First Class (A1C) B., himself involved with illegal drugs, offered to assist the Office of Special Investigations (OSI) and provided information about other servicemembers at his base involved in drugs. The appellant's name was one of those mentioned. According to A1C B., the appellant had previously obtained marijuana for him and they had used marijuana together. A1C B. was then used in an undercover operation. Special Agent L. was assigned as his handling agent. As the operation progressed, L. would periodically meet with A1C B. in order to take statements from him. The procedure he followed in doing so is the matter we will address.

L. testified that the method he employed was to question A1C B. thoroughly and then dictate into a tape recorder the substance of what A1C B. told him. If something he dictated wasn't correct, A1C B. would stop him and the tape would be backed up to the appropriate spot and restarted, with the information A1C B. desired being inserted. They proceeded in this manner until the statement was complete. They would then listen to the entire tape to insure the contents reflected what A1C B. wanted to say. The tapes were transcribed verbatim into draft form, edited by L. for typographic errors or misunderstood words, and then typed in final onto a Witness Statement form. A1C B. would read the statements, making pen and ink changes thereto if he desired. On only one occasion was it necessary to retype a statement. On that occasion A1C B. wanted to change two sentences contained therein. After the entire contents of a tape had been transcribed into final form and signed by the witness, L. would then reuse the tape for other purposes which resulted in the previous contents being erased. This is the crux of the asserted error. There is no assertion that any of the written statements made by A1C B. pertaining to that portion of the investigation relating to the appellant were not made available to the defense.

We conclude, as did the military judge at trial, that the tape recordings of L.'s voice represent statements by A1C B. They are therefor subject to the Jencks Act (which has now been incorporated into the Manual for Courts–Martial at R.C.M. 914). We note that this case is factually distinguishable from the situation faced by this Court in *United States v. Holmes*, 25 M.J. 674 (A.F.C.M.R.1987), where it was held that information lost from the transient memory of a word-processor did not constitute a statement within the meaning of R.C.M. 914. The Manual Rule provides that after a witness has testified on direct examination, "the military judge, on motion of a party who did not call the witness, shall order the party who called the witness to produce, for examination and use by the moving party, any statement of the witness that relates to the subject matter concerning which the witness has testified...." R.C.M. 914(a). A "statement" includes: "A substantially verbatim recital of an oral statement made by the witness that is recorded contemporaneously with the making of the oral statement and contained in a stenographic, mechanical, electrical, or other recording or a transcription thereof...." R.C.M. 914(f)(2). The usual remedy, for failure to comply with these provisions is striking the witness testimony from the record. However, we find, as did the military judge, that the written statements provided to the defense were substantially verbatim transcriptions from the tape recorded oral statements, and that L.'s destruction of the taped statements by reusing the tapes was not done in bad faith, but resulted from a routine, though perhaps misguided, office procedure. *United States v. Marsh*, 21 M.J. 445 (C.M.A.1986), *cert. denied*, 479 U.S. 1016, 107 S.Ct. 666, 93 L.Ed.2d 719 (1986). *See also United States v. Pena*, 22 M.J. 281 (C.M.A. 1986), *cert. denied*, 479 U.S. 1030, 107 S.Ct. 875, 93 L.Ed.2d 829 (1986); *United States v. Price*, 15 M.J. 628 (N.M.C.M.R.1982), *pet. denied*, 16 M.J. 156 (C.M.A.1983); *United States v. Durden*, 14 M.J. 507 (A.F.C.M.R. 1982).

caine. The approved sentence is a bad conduct discharge, confinement and forfeiture of

$447.00 pay per month for twenty months, and a reduction to airman basic (E–1).

As this Court has previously recognized, a principal purpose of the Jencks Act is to provide the defense with information for use in the impeachment of government witnesses. *United States v. Barber,* 20 M.J. 678 (A.F.C.M.R.1985), *pet. denied,* 21 M.J. 386 (C.M.A.1985). We do not conclude, based on the record before us, that the defense's ability to cross-examine A1C B. was in any way impeded due to the failure to preserve the tape recordings of his statements. *United States v. Myers,* 13 M.J. 951 (A.F.C.M.R.1982), *pet. denied,* 14 M.J. 310 (C.M.A.1982). Under these circumstances, the military judge's ruling denying the defense motion to preclude the court from considering the testimony of A1C B. was entirely correct.

However, the procedure followed by L. in this case is fraught with danger. We do not recommend its continued use. At the worst, the government may not be able to establish that the transcriptions from the tapes were substantially verbatim. Facing an entrapment defense and without A1C B.'s testimony, it is unlikely the government could have met its burden of proof on at least one of the distribution charges. At the least, we can almost be assured that use of such a procedure will result in time-consuming litigation at both the trial and appellate levels. Original taped statements should be retained until action on a case is complete.

We have examined the record of trial and concluded that the findings and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and sentence are

AFFIRMED.

Senior Judges LEWIS and KASTL concur.