UNITED STATES

v.

**Sergeant Michael STALEY, FR248–33–8225, United States Air Force.**

**ACM 29485.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 11 July 1991.

Decided 28 Jan. 1993.

Appellate Counsel for the Appellant: Colonel Jeffrey R. Owens and Captain Ursula P. Moul.

Appellate Counsel for the United States: Lieutenant Colonel Brenda J. Hollis, Major Paul H. Blackwell, Jr., and Captain David C. Wesley.

Before LEONARD, JAMES, and JOHNSON, Appellate Military Judges.

OPINION OF THE COURT

JOHNSON, Judge:

Sergeant Staley was convicted of four

indecent assaults.[1] He assigns as error two evidentiary rulings by the military judge. We find no prejudicial error and affirm.

The evidence against appellant consisted primarily of the testimony of three members of appellant's squadron, each of whom described incidents when the witness awoke to discover appellant touching his buttocks or penis. The first victim was an airman who lived two rooms away from appellant in the barracks. Three assaults on the second victim, appellant's roommate, occurred within a 2–day period. The assault on the third victim happened in a tent on Diego Garcia, an island in the British Indian Ocean Territory, where a portion of appellant's unit had deployed during the Persian Gulf conflict.

Appellant denied any recollection of these incidents. His defense at trial was that he lacked mental responsibility. The foundation for this defense was the testimony of a psychologist who testified appellant suffered from a disassociative disorder stemming from sexual abuse in childhood, as a result of which appellant acted out his sexual conflicts in a dream-like state during which he was unaware of his actions. The prosecution vigorously attacked the foundation for the psychologist's opinion. The military judge properly instructed the members on mental responsibility and the burden of proof. The findings of guilty indicate the members found appellant to have been mentally responsible.

## DEFENSE MOTION *IN LIMINE*

 Appellant assigns as error that the military judge denied a defense motion *in limine* to exclude the testimony of two of the victims under R.C.M. 914, which, like Fed.R.Crim.P. 26.2, incorporates the Jencks Act.[2] R.C.M. 914 generally provides that after a witness other than the accused has testified upon direct examination, the military judge, on motion of a party who did not call the witness, shall order the party who called the witness to give the moving party any statement in its possession that relates to the testimony given by the witness.

The prior statements sought by the defense consisted of the testimony of the two witnesses before an administrative discharge board.[3] Appellant's commander had imposed nonjudicial punishment upon him under Article 15, UCMJ, for indecent assault on these two victims. The commander then recommended administrative discharge for sexual perversion. The two victims testified before a board of officers, which found appellant did not commit the acts charged and recommended he be retained in the service. The commander then set aside the Article 15 punishment. As prescribed by the applicable regulations for board hearings in which retention results, only a summary record was prepared (not containing transcripts or summaries of the testimony), and the reporter's tapes were destroyed 3 months later.[4] Written statements of the two victims were retained and provided to the defense, but no recordings or transcripts existed of their testimony before the administrative discharge board.

The military judge found the statements in question to be within the general mandate of R.C.M. 914, but he further found they were destroyed in good faith, in full compliance with normal administrative procedures and before appellant's assault on a third victim raised the prospect of further prosecution. The military judge also found the defense had been provided written

1. Article 134, UCMJ.

2. 18 U.S.C. § 3500 (1988). The plain language of R.C.M. 914 indicates it applies after the witness in question has testified on direct examination. This Court said in *United States v. Barber,* 20 M.J. 678, 679 at n. 2 (A.F.C.M.R.1985), *pet. denied,* 21 M.J. 386 (C.M.A.1985) that we do not indorse using motions *in limine* to address R.C.M. 914 issues.. In this case the military judge found it was in the best interests of all parties to resolve the issue early in the trial by considering the defense motion *in limine* immediately after arraignment. There is no right in any party to a ruling under R.C.M. 914 at that point, but the military judge may elect to take up the issue then at his or her discretion.

3. *See* Air Force Regulation 39–10, *Administrative Separation of Airmen,* 9 August 1991.

4. *Id.;* Air Force Regulation 12–50, *Disposition of Air Force Documentation,* 14 May 1984.

statements from each of the relevant witnesses and had the benefit of the general recollections of appellant's original counsel concerning the weaknesses of their testimony.[5] On this basis he found there was insufficient risk of prejudice to warrant excluding the witnesses' testimony.

■ We will disturb a military judge's ruling under the Jencks Act and R.C.M. 914 only if it was clearly erroneous. *United States v. Barber*, 20 M.J. 678, 680 (A.F.C.M.R.1985), *pet. denied*, 21 M.J. 386 (C.M.A.1985), citing *United States v. Mechanic*, 454 F.2d 849 (8th Cir.1971), *cert. denied*, 406 U.S. 929, 92 S.Ct. 1765, 32 L.Ed.2d 131 (1972). We find no error in the military judge's ruling in this case. The Supreme Court and the Court of Military Appeals have indicated that good faith loss or destruction of Jencks Act material may not require the sanction of exclusion of the testimony of the witness whose prior statement is in issue. *United States v. Marsh*, 21 M.J. 445, 451 (C.M.A.1986), citing *United States v. Augenblick*, 393 U.S. 348, 355–56, 89 S.Ct. 528, 533–34, 21 L.Ed.2d 537 (1969).

We further find there was no significant risk of prejudice to appellant. The defense strategy at trial was not to contest the facts, but to claim a lack of mental responsibility. The defense mounted no attack on the credibility of any of the prosecution witnesses. Its cross-examination of them was limited to eliciting more detail on matters that might support its theory of lack of mental responsibility. There was no contest as to the identity of the assailant, the nature of the acts that occurred, the absence of any motive to fabricate on the part of the witnesses, or the victims' ability to recall the circumstances. The purpose of the Jencks Act and R.C.M. 914 is to ensure an adverse party has access to material that may impeach a witness. *United States v. Douglas*, 32 M.J. 694, 698 (A.F.C.M.R.1991). The defense had no apparent interest in impeaching the witnesses to whom this motion related. In these circumstances, we find no possible prejudice from the military judge's denial of the defense motion to exclude their testimony under R.C.M. 914. No relief would be warranted even if he erred. Article 59(a), UCMJ.

## PROSECUTION MOTION *IN LIMINE*

■ Appellant also assigns as error that the military judge granted a motion *in limine* by the trial counsel to exclude any reference to the administrative discharge board that had found appellant had not committed acts of sexual perversion on the first two victims. The defense counsel indicated the only purpose for which he intended to offer the discharge board results was to serve as part of the foundation for the psychologist's testimony that appellant suffered from a disassociative disorder. The trial counsel objected on the basis that the admission of the board's findings of fact that appellant did not commit three of the four acts of misconduct now alleged in his court-martial would confuse the members, and that the danger of confusing the members outweighed the probative value of the testimony.

The military judge held a session without the members present[6] to hear the testimony of the psychologist as to how the results of the board hearing served as part of the foundation for his opinion. The psychologist testified the discharge board's exoneration of appellant supported his opinion that appellant suffered from a disassociative disorder because it tended to ratify appellant's subconscious rationalization that he had done nothing wrong. The psychologist further testified he had already arrived at his diagnosis based on other information before he learned of the board results. He said the board results were consistent with his diagnosis and tended to confirm it.

■ The military judge granted the trial counsel's motion *in limine*. He stated he had balanced the probative value of the testimony, the possible prejudicial impact

---

5. In the interim, appellant's counsel in the earlier Article 15 and discharge proceeding had left the Air Force. She provided an affidavit containing her recollections of the case, but she did not remember in any detail how the two victims had testified in the board hearing.

6. *See* Article 39 a, UCMJ.

to the accused, and "the tendency of the information to confuse, mislead, or adversely affect the decision of the court," under Mil.R.Evid. 403. The standard for our review is whether the military judge abused his discretion in making this ruling. *United States v. Jenkins,* 27 M.J. 209, 211 (C.M.A.1988).

Appellant argues the military judge's ruling denied him an opportunity to present adequate testimony of his expert witness as prescribed in Mil.R.Evid. 703. This rule provides in part that an expert should generally be permitted to describe the facts or data he relied upon in reaching his opinion, even if these facts or data might not otherwise be admissible in evidence.[7]

A military judge must apply both the rules for expert testimony in Mil.R.Evid. 703 and the balancing test for "unfair prejudice, confusion of the issues, or misleading the members" in Mil.R.Evid. 403. *United States v. Cole,* 29 M.J. 873, 876 (A.F.C.M.R.1989), *aff'd,* 31 M.J. 270 (C.M.A.1990). The military judge in this case expressly applied that balancing test and found the probative value of the results of the discharge board to be substantially outweighed by the dangers of prejudicing the accused, confusing the issues, and misleading the members.

We find no abuse of discretion in this ruling. The defense was not prevented from presenting the opinion of the psychologist to the members, or from presenting

an extensive foundation for his opinion. This foundation included appellant's history of being sexually abused in childhood, the results of a number of standardized psychological tests, and the psychologist's interview with appellant.[8] It appears very unlikely the members would have given any different weight to the expert's opinion if it had known about the results of the discharge board.[9]

We have examined the findings, and we find them legally and factually correct. We have given individualized consideration to the appropriateness of the sentence, weighing the nature and seriousness of the offenses, the character and military performance of appellant, and all the circumstances documented in the record of trial. *United States v. Snelling,* 14 M.J. 267 (C.M.A.1982). We find that the sentence as adjudged and approved is not inappropriate.

Accordingly, the approved findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Senior Judge LEONARD and Judge JAMES concur.

7. When evidence is admitted for the limited purpose of showing the foundation for an expert's testimony, the military judge should give an instruction limiting its use. *United States v. Neeley,* 25 M.J. 105, 107 (C.M.A.1987); *cert. denied,* 484 U.S. 1011, 108 S.Ct. 710, 98 L.Ed.2d 660 (1988); *Cole,* 29 M.J. at 876.

8. The psychologist testified he administered various standardized tests to appellant and interviewed him once for about an hour in conjunction with a mental responsibility examination requested by the defense. No other reference to this mental responsibility examination appears in the evidence admitted at trial. We take special note that the military judge fashioned an excellent remedy for the psychologist's concern that his professional ethics prevented him from publicly disclosing specific questions from the standardized tests. The trial counsel argued that he ought to be able to cross-examine the psychologist as to the questions that made up

the tests. The military judge conducted a brief session outside the presence of the members, from which he excluded spectators, and allowed the trial counsel to examine the witness as to specific questions on the tests. He then ruled the trial counsel could ask the witness to tell the members what the tests questions were generally like, without disclosing specific questions. The ten pages of the transcript of the closed session were then sealed by order of the military judge, and a written order was included in the record of trial specifying the terms of the seal. *See United States v. Branoff,* 34 M.J. 612 (A.F.C.M.R.1992), *pet. granted,* — M.J. — (C.M.A. 25 November 1992).

9. It should also be noted the discharge board occurred after appellant's conduct that forms the basis for three of the four specifications, so its result could have contributed to appellant's disassociative disorder only as to the fourth specification.